**Roger GREENE, et al., Plaintiffs,**

**v.**

**EMERSONS, LTD., et al., Defendants.**

**KENNETH LEVENTHAL & COMPANY, Third-Party Plaintiff,**

**v.**

**WARREN ADLER, LTD., et al., Third-Party Defendants.**

**No. 76 Civ. 2178–CSH.**

United States District Court, S.D. New York.

Nov. 29, 1983.

Amended Order Dec. 6, 1983.

Kass, Goodkind, Wechsler & Labaton, New York City, for plaintiffs.

Anderson, Russell, Kill & Olick, P.C., New York City, for defendant Radnay, Lawrence Kill, New York City, of counsel.

Covington & Burlin, Washington, D.C., Hughes, Hubbard & Reed, New York City, for defendant Kenneth Leventhal & Co.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

This is a federal securities law class action commenced by stockholders of Emersons, Ltd. against the company, its former officers and inside directors, its accountants, and one of Emersons' food suppliers. Plaintiffs' claims are summarized in this Court's prior opinions, 86 F.R.D. 47, 66 (S.D.N.Y.1980), familiarity with which is assumed. Briefly stated, plaintiffs allege that defendants entered into a common course of fraudulent conduct intended to artificially inflate the price of Emersons' stock. This purpose was accomplished by a series of discrete schemes and misstatements. Defendant Kenneth Leventhal & Co. ("Leventhal") was Emersons' accountant. The amended complaint pleads four counts against Leventhal for securities laws violations, common law negligence, and fraud.

Invoking Rule 14(a), F.R.Civ.P., Leventhal filed a third-party complaint against nine liquor suppliers to Emersons. Their names appear in the margin.[1] I shall refer to them collectively as the "liquor suppliers." Leventhal's claim is for contribution. Eight of the nine liquor suppliers move to dismiss the third-party complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[2] No distinction appears between the moving and non-moving suppliers. The Court extends its holding to the latter *sua sponte.*

Leventhal's interest in the liquor suppliers arose from one of the schemes plaintiffs originally alleged. It was a "liquor kickback" scheme. Plaintiffs charged a series of unlawful payments and reductions of price by liquor suppliers to obtain Emersons' custom. But upon further analysis class counsel abandoned this particular claim. The reason, stated in plaintiffs' reply brief on the class certification issue, was entirely plausible:

"no damage to the class had occurred as a result of the kick-back scheme and that any damage which had been incurred consisted of damage to Emersons itself and was therefore derivative in nature. (Citations omitted). Since the 'cornerstone' of plaintiffs' complaint is a common course of conduct designed to inflate the price of Emersons' stock throughout during the class period, plaintiffs' counsel was forced to conclude that Emersons' failure to record additional assets (the monies received by Emersons from the liquor distributors as a result of the illegal kick-backs) could not be part of the inflationary scheme because the failure to record the illegal kick-backs receipts in the financial statements actually resulted in presenting Emersons in a worse light than it would otherwise have been portrayed."

1. The third-party defendants are: Joyner Wholesale Company, Inc.; Charles Jacquin et Cie., Inc.; Jos. Schlitz Brewing Co.; Joseph E. Seagram & Sons, Inc.; Falstaff Brewing Corporation; Federal Wine & Liquor Company; Ameri-

can Sales Company; Warren Adler, Ltd.; and Spaulding Distributing Company.

2. The non-moving third-party defendant is Adler.

I dealt with this subject in the opinion certifying the class. Defendants suggested that the named plaintiffs knew of the "liquor kickbacks" but discounted their importance. This was said to render the named plaintiffs potentially antagonistic to other class members. I wrote at 86 F.R.D. 59:

"Plaintiffs respond that the argument is mooted by their abandonment of the alleged liquor kickbacks as a basis of recovery (see n. 3, *ante*). That is a sufficient response only if the abandonment is plausible, given the underlying theory of the action: that is to say, the named plaintiffs would not be proper class representatives if they were prepared, for the purpose of remaining in office, to abandon a claim which other class members might wish to press. In the case at bar, however, the underlying theory is an artificial inflation of Emersons' assets. Improper kickbacks, received and concealed, have the effect of making the assets appear less than they are, not more. Accordingly no tactical motive may be inferred from the withdrawal of this claim; and its disappearance moots the concerns professed by defendants."

It is clear that the "liquor kickback" scheme has vanished from the case as a theory of liability asserted by plaintiffs against any defendant. It is equally clear that the third-party defendant liquor suppliers' involvement with that scheme constitutes their only connection with the case.

▆▆▆▆ That being so, Leventhal's third-party complaint falls. Rule 14(a) provides in pertinent part:

"*When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him *for all or part of the plaintiff's claim against him.*" (emphasis added).

Plaintiffs have entirely abandoned the liquor kickback claim. It is as if the claim was never asserted, against Leventhal or anyone else. Rule 14(a) permits a defendant to implead a third party "who is or may be liable to him for all or part of the plaintiff's claim against him." An identifiable claim by plaintiff against defendant and involving the third-party defendant is a necessary predicate to impleader. No such claim exists here. Impleader is unavailable to Leventhal. *Index Fund, Inc. v. Hagopian,* 417 F.Supp. 738, 743–46 (S.D.N.Y.1976) and cases there cited.

Plaintiffs' liquor kickback claim having sunk, Leventhal clings unavailingly to the wreckage. It argues that had the liquor suppliers not joined Emersons in fraudulently concealing the scheme from it, Leventhal "would have expanded the scope of its audits and would not have rendered unqualified opinions on Emersons' financial statements." Brief at 23. Whatever may be the merits of this theory, it cannot be the subject of Rule 14(a) impleader because it relates solely to a claim by Leventhal against the liquor suppliers. To repeat: plaintiffs make no liquor kickback claim against defendants. A Rule 14(a) branch cannot grow without the root of a claim asserted by plaintiff. Judge Tenney summed it up in *Index Fund, supra,* at 744:

"In sum, then, Rule 14 requires that a defendant have a substantive basis for a claim against the third party and that the claim of liability to the defendant and third-party plaintiff accrue only upon a finding of defendant's liability to the plaintiff on the main claim."

The Fifth Circuit expressed the general rule in *United States v. Joe Grasso,* 380 F.2d 749, 751 (5th Cir.1967):

"... it is clear that impleader under Rule 14 requires that the liability of the third party be dependent upon the outcome of the main claim."

Here there is no main claim; and by definition, no impleader.

Leventhal's brief characterizes the withdrawal of plaintiffs' claim as a tactical ploy. I do not believe the circumstances warrant a pejorative characterization, as I have previously said. But it makes no

difference. The permissible scope of Rule 14(a) impleader is fixed by the plaintiff's claims against defendant. That reality reflects, in Judge Tenney's graceful phrase, "a respect for plaintiff's litigative decision regarding whom to sue." *Index Fund* at 744.

There is an alternative ground for dismissing Leventhal's third-party complaint against the liquor suppliers. Even if plaintiffs still pressed the liquor kickback claim, Leventhal could not assert a claim for contribution. Within the context of federal securities laws, a right of contribution exists only between joint tortfeasors. That requires allegations that the defendant and third-party defendant were joint participants in the fraud alleged by plaintiff.

Judge Duffy reached that conclusion in *Stratton Group, Ltd. v. Sprayregen,* 466 F.Supp. 1180, 1185 (S.D.N.Y.1979). Leventhal says this is dicta, and wrong to boot. I do not agree. Judge Duffy articulated a correct holding, presaged by Judge Tenney in *Index Fund Inc. v. Hagopian, supra,* at 746 n. 6, and followed by Judge Owen in *In re New York City Municipal Securities Litigation,* 507 F.Supp. 169, 189 n. 43 (S.D.N.Y.1980). I decline to follow the contrary result reached in *Marrero v. Abraham,* 473 F.Supp. 1271 (E.D.La.1979).

Contribution is an equitable remedy. It achieves a fair distribution of fault among parties involved in a wrong. But one must ask: what is the wrong? The answer in federal securities laws cases is: fraud. The statute prohibits fraud; the courts have fashioned private remedies for violations. *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 196, 96 S.Ct. 1375, 1382, 47 L.Ed.2d 668 (1976). As Judge Duffy correctly held in *Stratton Group,* contribution lies only between knowing participants in the same fraud. The situation is different in, say, common law tort cases of property damage. There the question is whose acts combined to cause the damage. Independent or concurrent acts of negligence may have contributed. There is no place for this broader concept of contribution in anti-

fraud securities cases. One asks only: who were the fraudsmen?

In the case at bar, Leventhal does not allege that the liquor suppliers knowingly participated with Leventhal in a fraud perpetrated upon plaintiffs. Indeed, Leventhal implicitly recognizes that if *Stratton Group, supra,* correctly states the law of contribution in federal securities cases, its third-party complaint is deficient. *Stratton Group* is correct. The complaint falls.

The briefs raise other issues, but I need not consider them. Either ground for dismissal discussed *supra* would be sufficient. Together they are overwhelming.

The Clerk of the Court is directed to dismiss Leventhal's third-party complaint against all third-party defendants with prejudice and without costs. There being no just reason for delay, the Clerk is also directed to enter judgment in favor of third-party defendants and against Leventhal pursuant to Rule 54(b), F.R.Civ.P. I make this certification for immediate appeal because it will contribute to the orderly course of litigation to learn whether or not these nine third-party defendants are still involved in it.

The foregoing is So Ordered.