Sylvia L. ADALMAN, et al.,

v.

BAKER, WATTS & CO., et al.

Civ. No. Y–83–2485.

United States District Court,
D. Maryland.

Dec. 13, 1984.

See also, D.C., 599 F.Supp. 749.

David Machanic, Fairfax, Va., John R. Erickson, Great Falls, Va., Frederic T. Spindel, Washington, D.C., David MacDonald and Michael M. Cramer, Rockville, Md., for plaintiffs.

Andrew J. Graham, Baltimore, Md., Joseph D. Lonardo, Columbus, Ohio, and Ellen A. Efros, Washington, D.C., for defendants and third-party plaintiffs.

Jervis S. Finney and James B. Wieland, Baltimore, Md. (Scott R. Schoenfeld, Washington, D.C., of counsel), for third-party defendants Julia M. Walsh & Sons, Inc., Henry T. Donaldson, and Thomas D. Walsh.

James W. Constable, David C. Daneker, Baltimore, Md., and David M. Doret, Philadelphia, Pa., for third-party defendant Elkins & Co.

J. Paul Mullen, Steven E. Leder, Baltimore, Md., Jay H. Calvert, Jr., and Eric Kraeutler, Philadelphia, Pa., for third-party defendant Beavers.

### MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Third-party defendants Julia M. Walsh & Sons, Inc., Henry T. Donaldson, and Thomas D. Walsh (collectively the "Walsh group") have submitted a motion for summary judgment as to the third-party complaint filed by defendant Baker, Watts &

Co. and BW Resources, Inc. ("Baker, Watts"). The grounds for this motion are that: (1) indemnity is not allowed to wrongdoers under the federal securities laws or parallel state laws, because it would violate established public policies, (2) contribution does not lie where the plaintiff's claim does not assert that the defendants and the third-party defendants are joint tortfeasors, or where the claims against the third-party defendants is not "derivative" of the plaintiffs' claim, and (3) the unequivocal deposition testimony of six of the plaintiffs establishes that the Walsh group was not responsible for the injury to those six plaintiffs.

The Walsh group has argued that a claim for indemnity by a tortfeasor in a federal securities action fails to state a claim for which relief can be granted. Walsh points to cases where courts have held that an "active wrongdoer" may not recover indemnity on public policy grounds. *See, e.g., Heizer Corporation v. Ross,* 601 F.2d 330, 334–35 (7th Cir.1979) (under Rule 10b–5), *Globus v. Law Research Services, Inc.,* 418 F.2d 1276, 1288 (2d Cir.1969), *cert. denied,* 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (Sections 12(2) and 17(a) of the 1933 Act, Section 10(b) of the 1934 Act), *cert. denied,* 404 U.S. 941 (1971); *McLean v. Alexander,* 449 F.Supp. 1251, 1266 (D.Del.1978) (under Rule 10b–5). In many of those cases, however, there had already been a determination that the defendants were guilty of some wrongdoing, and the court determined that it would be improper to allow indemnification of a wrongdoer. *See Heizer,* 601 F.2d at 334 (defendant's actions found to be "at least reckless"), *Globus,* 418 F.2d at 1288 (jury verdict finding defendant had actual knowledge of material omissions), *McLean v. Alexander,* 449 F.Supp. at 1266 (accountant already found to be an actual wrongdoer may not shift entire loss through indemnity).

The situation is quite different here. There has been no determination of actual culpability by a trier of fact. "Most of the cases on indemnity under the securities acts can be read to support the proposition that an unsuccessful defendant may obtain indemnity from one significantly more responsible for the injury to the plaintiff." *Gould v. American-Hawaiian Steamship Co.,* 387 F.Supp. 163, 167 (D.Del.1974), *quoted in Wassel v. Eglowsky,* 399 F.Supp. 1330, 1366 (D.Md.1975). Defendants have asserted that the third-party defendants are significantly more liable, in fact solely responsible, for exciting the plaintiffs to purchase securities by making false statements outside the four corners of the Offering Memorandum. Absent some determination of liability, summary judgment on the issue of indemnity is inappropriate.

The Walsh group has argued that because the defendants can be found liable only if they are found to have acted with *scienter, Ernest & Ernest v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), if the defendant is found liable it will automatically be an "actual wrongdoer" and not entitled to indemnity. This argument overlooks the fact that, especially with regard to Section 12(a) liability, defendants may be found liable although not found to have been actively attempting to defraud plaintiffs or actively engaged in any wrongdoing. In *Globus,* 418 F.2d at 1288, the court emphasized that it was considering "only the case where the underwriter [the defendant] has committed a sin graver than ordinary negligence." And in *McLean v. Alexander,* 449 F.Supp. at 1266, the court noted that although indemnification agreements between intentional tortfeasors would not be enforced by the federal court, "[t]his is not to say that the innocent party whose liability attaches as a matter of law may not obtain indemnification from the actual wrongdoer." 449 F.Supp. at 1266, n. 49. (The court referred to the case where an employer might be found liable for the acts of its employees.) Given the unusual factual situation in this case, it is possible that Baker, Watts could be found to have made representations which were then made into material omissions by the more culpable misrepresentations of the third-party defendants. The determination of whether the indemnity agreement between Baker, Watts, and the Walsh group will be enforceable must

await the determination of relative culpability.

Because the state securities laws which are the basis of some of the plaintiffs claims are essentially the same as the federal securities laws, the same conclusions apply with regard to the state claims. Baker, Watts may recover indemnity if the third-party defendants are found significantly more liable for the violation. The determination of whether indemnity is appropriate with respect to all state claims, including the common law claims, must await a determination of liability.

The Walsh group has also argued that Baker, Watts may not recover on its claim for contribution because the plaintiffs have not alleged that Baker, Watts and the Walsh group are joint tortfeasors. The Walsh defendants argue that amendments to plaintiffs' complaint have now eliminated from the case every claim for which the third-party plaintiff seeks to hold the third-party defendants liable. Because the case has been narrowed only to cover the omissions from the Private Offering Memorandum, and the Walsh defendants did not participate in its preparation, they assert that they cannot be joint tortfeasors so as to be liable for contribution.

■ The ability to seek contribution should not be dependent upon whom the plaintiff chooses to sue or upon what facts plaintiff cites in support of its claim. Plaintiff alleges that it was injured because of certain misrepresentations concerning the sale of investment shares. While plaintiffs allege that the injury was caused by defendants' conduct, defendant Baker, Watts asserts that the injury to at least some of the plaintiffs was actually caused by the Walsh group's misrepresentations concerning the sale. If defendants' assertions are correct, it was the misrepresentations of the third-party defendants which made the omissions from the Offering Memorandum material and therefore wrongful. Baker, Watts thus claims that if it is found guilty of omitting a material piece of information, it should be allowed to recover from those who are truly responsible for the plaintiffs' injury.

As in *Marrero v. Abraham*, 473 F.Supp. 1271 (E.D.La.1979), "the complaint and third-party complaint alleges two totally independent courses of conduct, both of them violations [of securities laws] ... and both of them helping to induce the same transactions and cause the same injury." In that case, the court found that contribution should be allowed, and that neither wrongdoer should be allowed to escape liability. The court noted that it was not necessary that the alleged tortfeasors act in concert or in pursuance of a common design in order for them to be joint tortfeasors for purposes of contribution.

■ The same reasoning applies here. Plaintiffs allege there was a material omission in the Offering Memorandum, and defendants claim that if there was a misrepresentation, it was caused by the third-party defendants' comments concerning the subject of the alleged omissions. With regard to those plaintiffs who purchased from the Walsh defendants, Baker, Watts and the Walsh group may be jointly responsible for the plaintiffs' injury. Contribution may therefore be appropriate between Baker, Watts and the Walsh defendants. The Walsh group is also properly impleaded under Rule 14, Fed.R.Civ.P., because the Walsh defendants may be liable to defendants for all or part of the injury caused to plaintiffs if it is found that they made misrepresentations concerning the subjects of the plaintiffs' claims. The third-party action is derivative of the plaintiffs' action. The Walsh group's motion for summary judgment with respect to the claims for contribution is therefore denied.

■ Finally, the Walsh group has argued that it is entitled to summary judgment at least as to six of the plaintiffs who purchased from Walsh because it is clear that those plaintiffs did not rely on the representations by the Walsh defendants. Walsh asserts that the deposition testimony of those six plaintiffs indicates without a doubt that there was no reliance. However, Baker, Watts has raised a significant

issue of material fact by referring to other portions of those same depositions which would seem to indicate that those plaintiffs may have relied on the representations by the Walsh defendants before purchasing the securities in question. Summary judgment on this issue would therefore be inappropriate at this time.