ALEXANDER GRANT &
COMPANY, Plaintiff,

v.

Robert B. McALISTER, et al.,
Defendants.

and

Connie J. HARRIS, Defendant/Third
Party Plaintiff,

v.

Jose L. GOMEZ, et al.,
Third-Party Defendants.

Grant THORNTON,
Third-Party Plaintiff,

v.

Marvin L. WARNER, Sr., et al.
Third-Party Defendants.

No. 1–85–1068.

United States District Court,
S.D. Ohio, W.D.

July 30, 1987.

Gerald L. Draper, Bricker & Eckler, Columbus, Ohio, Stanley Goodman, Goodman & Goodman, Cincinnati, Ohio, for third-party defendant Marvin L. Warner, Jr.

Suzanne Richards, Vorys Sater Seymour and Pease, Columbus, Ohio, for third-party defendants Ohio Deposit Guar. Fund, Donald R. Hunscher and Charles Mayleben.

Leonard S. Meranus, Paxton & Seasongood, Cincinnati, Ohio, for plaintiff/counter-defendant/third-party plaintiff Alexander Grant & Co., counter-defendant/third-party plaintiff William Swisshelm.

Armistead W. Gilliam, Jr., Smith & Schnacke, Dayton, Ohio, for third-party defendant Burton M. Bongard.

James E. Pohlman, Porter Wright Morris & Arthur, Columbus, Ohio, for defendant/counter-plaintiff Connie J. Harris.

Roger J. Makley, Collidge Wall Wolmsley & Lombard Co., Dayton, Ohio, for third-party defendant David J. Schiebel.

Robert Pitcairn, Katz Teller & Hild Co., L.P.A., Cincinnati, Ohio, for third-party defendant Nelson Schwab, Jr.

Patrick J. Cronin, Spraul Reyering Cissell & Cronin, Cincinnati, Ohio, for third-party defendant Robert J. Weeder.

James M. Moore, Lindhorst & Dreidame, Cincinnati, Ohio, for third-party defendants Robert Braun and Stanton Brock.

Norman I. Barron, Brumleve DeKamp Wood & Barron, Cincinnati, Ohio, for third-party defendant Arthur C. Elliott.

Arnold Morelli, Bauer Morelli & Heyd Co., Cincinnati, Ohio, for third-party defendant Gehl P. Babinec.

R. Guy Taft, Steer Strauss White & Tobias, Cincinnati, Ohio, for third-party defendant Marlin B. Arky, Personal Representative of the Estate of Stephen Arky.

James R. Adams, Frost & Jacobs, Cincinnati, Ohio, for third-party defendant Arthur Andersen & Co.,

John P. Kiely, Rendings Fry Kiely & Dennis, Cincinnati, Ohio, for third-party defendant Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A.

Mitchell B. Goldberg, Strauss & Troy, Cincinnati, Ohio, for third-party defendants Fidata Trust Co., Fidata Corp., Fidata Securities Management, Inc., and Bradford Securities Operation, Inc.

Jose Gomez, pro se.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This matter comes before the court on numerous motions to dismiss, strike, and/or sever the third-party complaints of Alexander Grant & Company (Grant)[1] and William Swisshelm.[2] The parties having fully briefed the issues, the court will rule on this motion without conducting oral argument. *See* Local Rule 4.0.4.

On June 7, 1985, Grant filed a complaint against the Superintendent of the Ohio Division of Savings and Loan Associations, now Connie Harris, alleging wrongdoing on

1. As of the date of this memorandum opinion and order, the following third-party defendants have filed motions to dismiss, strike, or sever the third-party complaint: Estate of Stephen Arky; Marvin L. Warner, Jr.; the Ohio Deposit Guarantee Fund (ODGF); Donald R. Hunsche; Charles Mayleben; Marvin L. Warner, Sr.; the law firm of Arky, Freed, Stearns, Watson, Greer, Weaver, & Harris, PA; Burton M. Bongard; Robert J. Weeder; David J. Schiebel; Arthur Andersen & Company (Andersen); Fidata Trust Company; Fidata Corporation; Fidata Securities Management, Inc.; Bradford Securities Operations, Inc.; and Gehl P. Babinec. In addition, defendant/counter-plaintiff, Connie Harris, has filed a motion to sever the third-party complaint. The following third-party defendants have not filed motions, and have answered the third-party complaint: Nelson Schwab, Jr.; Robert Braun; Arthur C. Elliott; and Stanton G. Brock.

It must be noted that since the above-mentioned motions were filed, the following third-party defendants have been dismissed by stipulation: Estate of Stephen Arky; Arky, Freed, Stearns, Watson, Greer, Weaver, & Harris PA; Fidata Trust Company; Fidata Corporation; Fidata Securities Management, Inc.; and Bradford Securities Operations, Inc. As such, the motions of these third-party defendants are moot, and will not be discussed.

2. Swisshelm's third-party complaint is identical to that filed by Grant, except that the following third-party defendants in the Grant action are not sued by Swisshelm: Estate of Stephen Arky; Donald R. Hunsche; Charles Mayleben; Arky, Freed, Stearns, Watson, Greer, Weaver, & Harris PA; Fidata Trust Company; Fidata Corporation; Fidata Securities Management, Inc.; and Bradford Securities Operations, Inc. Except for Hunsche and Mayleben, who are treated alongside the ODGF in the Grant third-party complaint, these omitted third-party defendants have been dismissed from the Grant case by stipulation.

As of the date of this memorandum opinion and order, the following third-party defendants have filed motions to dismiss Swisshelm's third-party complaint, Robert J. Weeder, David J. Schiebel, and Marvin Warner, Sr. The issues raised in these motions are identical to those raised in the motions to dismiss the grant third-party complaint, therefore the discussion and resolution of the motions to dismiss the Grant third-party complaint will govern Swisshelm's as well.

It must finally be noted that the following third-party defendants have answered Swisshelm's third-party complaint: Nelson Schwab, Jr.; Robert Braun; Arthur C. Elliott; Stanton G. Brock; and Gehl P. Babinec.

the part of Home State, for which Grant seeks contribution for any other liability in any other action against it, and also damages due to the alleged fact that Grant's professional reputation has been tarnished by the many Home State related lawsuits filed against it.[3] On October 20, 1986, Harris answered the complaint, and also filed a counterclaim which added present and certain past Grant partners as additional counter-defendants. The counterclaim alleges that Grant and its partners violated § 10(b) of the 1934 Securities Exchange Act, 15 U.S.C. § 78j(b), the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961, *et seq*, were grossly and professionally negligent in their auditing of ESM, and participated in a scheme to defraud Home State, among others.

On November 11, 1986, Grant answered the counterclaim, and filed a third-party complaint against numerous third-party defendants[4] seeking contribution if it is found liable to Harris on the securities law, professional negligence/negligent misrepresentation, or gross negligence claims.[5] Finally, on June 18, 1987, Swisshelm[6] filed a third-party complaint against numerous third-party defendants,[7] making the same claims for contribution as those found in the Grant third-party complaint. As mentioned above, numerous third-party defendants now move to dismiss, strike, or sever the third-party claims of Grant and Swisshelm.[8]

## DISCUSSION

Third-party defendants raise numerous issues in support of their motions, but given the outcome as to two of these issues, the rest are moot, and will not be discussed. Consequently, this order only

---

**3.** While the claims contained in Grant's complaint are directed to the now defunct Home State Savings Bank, because the Superintendent is the liquidating agent of Home State, she is the proper named party defendant.

**4.** *See* footnote 1 for listing of third-party defendants.

**5.** Grant does not seek contribution for the RICO and fraud claims against it.

**6.** In Harris' counterclaim, Swisshelm is named individually, and as the representative of a class consisting of all present and certain past Grant

deals with Grant's claim for contribution if it is found liable to Harris on her securities laws counterclaim against Grant, and the question of abstention.

### I. Securities Law Contribution

Grant seeks contribution for the allegations made by Harris in her counterclaim that Grant has violated § 10(b) of the 1934 Securities Exchange Act, 15 U.S.C. § 78j(b). Third-party defendants allege that Grant is not entitled to contribution for securities violations unless it is plead that Grant and the third-party defendants are joint wrongdoers, and no such allegation can be found in the third-party complaint. Grant responds that all the law requires is that the third-party defendants be concurrent tortfeasors who have contributed to the same injury, and that this has been alleged in the third-party complaint.

The question of whether contribution can be had for alleged violations of federal securities laws is a question of federal, not state, law. *Heizer Corp. v. Ross*, 601 F.2d 330, 331 (7th Cir.1979); *Huddleston v. Herman & MacLean*, 640 F.2d 534, 557 (5th Cir.1981), *modified on other grounds*, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983); *Jordan v. Madison Leasing Co.*, 596 F.Supp. 707, 711 (S.D.N.Y.1984). At one point in the 1933 Securities Act, 15 U.S.C. § 77k, and at two points in the 1934 Securities Exchange Act, 15 U.S.C. §§ 78i and 78r, a right of contribution is expressly provided for. While no such right is expressly provided for under § 10(b), 15 U.S.C. § 78j(b), such a right of contribution between joint tortfeasors has been consistently recognized for this section as well.

---

partners. His third-party complaint is brought on behalf of himself individually, and not on behalf of the class.

**7.** *See* footnote 2 for listing of third-party defendants.

**8.** Because many issues are raised by more than one third-party defendant, this opinion is organized by issue, rather than by each third-party defendant's motion.

*See Heizer,* 601 F.2d at 333–334; *Huddleston,* 640 F.2d at 559.

■ Courts which have addressed this issue under federal securities laws are split as to whether there must be joint wrongdoing, as urged by third-party defendants, or whether independent but concurrent wrongdoing will suffice, as argued by Grant. The weight of authority sides with third-party defendants, *Stowell v. Ted S. Finkel Investment Services, Inc.,* 641 F.2d 323, 325 (5th Cir.1981); *Stratton Group v. Sprayregen,* 466 F.Supp. 1180, 1185 (S.D. N.Y.1979); *Greene v. Emersons, Ltd.,* 102 F.R.D. 33, 35 (S.D.N.Y.1983), *aff'd sub nom. Kenneth Leventhal & Co. v. Joyner Wholesale Co.,* 736 F.2d 29 (2d Cir.1984); *but see Marrero v. Abraham,* 473 F.Supp. 1271, 1277–1278 (E.D.La.1979); *Jordan,* 596 F.Supp. at 711; *Adalman v. Baker, Watts, & Co.,* 599 F.Supp. 752, 755 (D.Md. 1984), and the court finds the logic of these cases, as demonstrated in *Greene,* to be sound:

> Contribution is an equitable remedy. It achieves a fair distribution of fault among parties involved in a wrong. But one must ask: what is the wrong? The answer in federal securities laws cases is: fraud. The statute prohibits fraud; the courts have fashioned private remedies for violations. As Judge Duffy correctly held in *Stratton Group,* contribution lies only between knowing participants in the same fraud. The situation is different in, say, common law tort cases of property damage. There the question is whose acts combined to cause the damage. Independent or concurrent acts of negligence may have contributed. There is no place for this broader concept of contribution in any fraud securities cases. One asks only: who were the fraudsmen?

(citations omitted) 102 F.R.D. at 36. Accordingly, the court holds that in order to state a valid claim for contribution under federal securities laws, Grant must allege that it and third-party defendants are joint tortfeasors.

■ A reading of the allegations contained in Grant's third-party complaint clearly indicate that Grant does not allege that it and third-party defendants are, assuming Grant is found liable to Harris, joint wrongdoers. There are numerous allegations that third-party defendants have caused an injury to Home State, but nowhere is it alleged that any third-party defendant acted *jointly* with Grant to cause an injury to Home State. At most, Grant has alleged that it and third-party defendants acted independently, but concurrently, to cause a single injury to Home State, but that is not sufficient under applicable federal law.[9] Consequently, Grant has not made a valid federal securities law contribution claim.

■ Grant's securities law contribution claim is also not sufficient because it does not claim that any third-party defendant has violated any federal securities laws. Given the policy of deterrence behind the federal securities law, claims for contribution under these laws should only be proper when it is alleged that the party from whom contribution is sought has also violated federal securities laws. *See In re New York City Municipal Securities Litigation,* 507 F.Supp. 169, 189, n43 (S.D.N.Y. 1980). Indeed, if this was not the case, a federal securities law claim would be no different than any state common law claim as regards the type of contribution claims that could be made, and this surely was not intended. Not only is this conclusion supported by logic, the language of those sections of the securities laws that do provide

---

**9.** Indeed, Referee Faulkner and the Ohio Court of Claims concluded that identical third-party claims brought by Grant in *Harris v. Grant Thornton, et al.,* No. 86–03411–PR (Ohio Ct. of Claims), alleged that Grant and third-party defendants were independent, but concurrent, tortfeasors. *See* Recommendation and Report Re: Motion of Arky, Freed, Stearns, Watson, Greer, Weaver, & Harris PA to Dismiss or Strike Third Party Complaint. Of course, in that case only state claims for contribution were at issue, and given that the Referee concluded that under Ohio law all that was needed was that Grant and third-party defendants were independent, but concurrent, tortfeasors, the Grant claims were not dismissed.

for contribution also suggest this approach, as is illustrated by 15 U.S.C. § 77k(f):

All or any one or more of the persons specified in subsection (a) of this section shall be jointly and severally liable, and every person who becomes liable to *make any payment under this section* may recover contribution as in cases of contract from any person who, if sued separately, *would have been liable to make the same payment,* unless the person who has become liable was, and the other was not, guilty of fraudulent misrepresentation.

(emphasis added). Because Grant fails to allege that any third-party defendant has violated any federal securities law, it is not entitled to contribution.

Accordingly, Grant's claim for contribution if it is found liable to Harris for securities law violations fails because Grant does not claim that any third-party defendant has violated any federal securities laws, and does not claim that Grant and third-party defendants are joint wrongdoers. Grant's federal securities law contribution claims are dismissed.

## II. *Contribution for Other Claims—Abstention*

Third-party defendants argue that the court should abstain from exercising jurisdiction over the Grant third-party claims for contribution arising out of Harris' claims of professional negligence/negligent misrepresentation and gross negligence pursuant to *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), *reh'g denied,* 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976). They argue that the court should defer to the Ohio proceedings involving the identical third-party claims that Grant brings here, as there are no federal interests involved in the instant case.

The abstention doctrine is an extraordinary and narrow exception to the duty of a district court to adjudicate controversies before it, and is justified only in the most exceptional circumstances. *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188–189, 79 S.Ct. 1060, 1062–63, 3 L.Ed.2d 1163 (1959); *Colorado River,* 424 U.S. at 813, 96 S.Ct. at 1244. The *Colorado River* abstention doctrine is based on "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. at 817, 96 S.Ct. at 1246 (citation omitted). *Colorado River* abstention is designed to apply to those situations where a federal court is confronted with a suit which is the subject of a concurrent parallel state proceeding. Though the Court refused to prescribe a hard and fast rule for abstentions of this type, it did describe several relevant factors:

It has been held, for example, that the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts.... In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required. Only the clearest of justifications will warrant dismissal.

424 U.S. at 818–819, 96 S.Ct. at 1246–47 (citations omitted). Several years later, in *Moses H. Cone Hospital v. Mercury Construction Co.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Court determined that *Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978), added a fifth factor to the *Colorado River* analysis, being that if federal law provides the rule of decision on the merits, a federal court should be reluctant to abstain. 460 U.S. at 23, 103 S.Ct. at 941. Indeed, the Court concluded that the presence of federal law issues must always be a major consideration weighing against abstention. 460 U.S. at 26, 103 S.Ct. at 942. The court believes that the instant case is

**168**

one of those rare situations where *Colorado River* abstention is appropriate. This is certainly a case where the suit in question is subject to a parallel state proceeding, as the Ohio Court of Claims in *Harris v. Grant Thornton, et al.,* has before it third-party claims by Grant identical [10] to those at issue. Of the five factors enumerated in *Colorado River* and *Moses H. Cone,* the inconvenience of the forum, the avoidance of piecemeal litigation, and jurisdiction over the res factors are of little import here. However, the other two factors argue strongly in favor of abstention.

All remaining third-party claims *only* involve state law issues, and as to these claims state law will control. The Ohio courts gained jurisdiction ahead of this court, as the suit in the Ohio courts was started before the claim was made in federal court. Even more important is the fact that the Ohio courts are scheduled to commence trial on *Harris v. Grant Thornton, et al.,* in October of this year, quite some time before the instant case will go to trial. Even though the Ohio Court of Claims has severed several of the Grant third-party claims before it,[11] many will still go to trial in October, and it is most likely that the rest will be resolved, if necessary, before the instant case comes to trial. In a case such as is found here, where there are no federal law issues, and a state court will likely resolve the identical claims in question before they can be resolved in the federal court, the federal court should defer to the state proceedings.

**SUMMARY**

Because the federal securities law contribution claims made by Grant and Swisshelm are not appropriate, they are DISMISSED. With the only federal law third-party claims dismissed, and the Ohio Courts scheduled to resolve the state law third-party claims before the court will, the court will abstain from exercising jurisdiction over the remaining third-party claims pursuant to *Colorado River.* Accordingly, the third-party claims of Grant and Swisshelm are DISMISSED in their entirety.

SO ORDERED.

---

**10.** Not only are the state law third-party claims that Grant makes against third-party defendants identical to those found here, the claims against Grant by Harris for which Grant is seeking contribution, again based only on state law, are also identical.

**11.** Of the third-party defendants in this case who have not been dismissed by stipulation, the following will still have the third-party claims against them tried by the Ohio Court of Claims in October of 1987: the ODGF, Marvin L. Warner, Sr., Burton M. Bongard, and David J. Schiebel. The claims against Donald R. Hunsche and Charles Mayleben were dismissed by Grant, and while Swisshelm makes no claim against these individuals in the instant case, Grant still does. However, since Grant chose to dismiss its identical claims against Mayleben and Hunsche in the state courts, the court does not believe Grant will be prejudiced by its claims against them being dismissed here. The claims against the remainder of the third-party defendants in the state case were severed, and will be resolved at a point after the October trial concludes.