BAKER, WATTS & CO., Plaintiff,

v.

MILES & STOCKBRIDGE, et al., Defendants.

Civ. A. Nos. Y–87–2872, Y–87–3164.

United States District Court, D. Maryland.

June 27, 1988.

David F. Albright, Baltimore, Md., for plaintiff.

Francis B. Burch, Jr., Baltimore, Md., for defendants.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Plaintiff Baker, Watts & Co., a Maryland investment banking partnership, was found liable to certain investors for violations of federal and state securities law. *Adalman v. Baker, Watts & Co.*, No. Y–83–2485 (D.Md.1985). After an unsuccessful appeal, *see Adalman*, 807 F.2d 359 (4th Cir. 1986), plaintiff filed identical actions in federal and state court against defendants, the law firm of Miles & Stockbridge and its partner Timothy R. Casgar, for indemnification and contribution under the federal and state securities acts, as well as for legal malpractice, negligent misrepresentation, and breach of contract.

Defendants removed plaintiff's state action to federal court. On March 18, 1988, the Court denied plaintiff's motion to remand its state action and consolidated the two suits in this action. Currently, defendants move to dismiss plaintiff's suit because it fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Plaintiff moves for partial judgment on the pleadings regarding its claim for contribution under state securities law. Fed.R.Civ.P. 12(c). Because these motions present matters outside the pleadings, the Court will treat them as cross-motions for summary judgment. Fed.R.Civ.P. 12(b), (c). Finally, defendants ask the Court to sanction plaintiff for filing this action. Fed.R.Civ.P. 11.

### Background

In 1981, plaintiff retained defendants to perform all requisite legal services in connection with its private offering and sale of limited partnership interests in Superior Drilling Partners '81 ("Partners '81"). The private offering commenced on March 9, 1981, with the issuance of the Confidential Offering Memorandum, and closed on June 1, 1981. During this time, defendant Casgar held 4.2 percent of the stock of Superior Petroleum, Inc. ("Superior"), the general partner of Partners '81. In addition, fourteen partners and two employees of plaintiff owned 28 percent of Superior's stock. Together, defendant Casgar and plaintiff's partners and employees negotiated with Superior's president regarding the possible sale of their Superior stock. However, the Confidential Offering Memorandum was never amended to reflect these communications.

On July 1, 1981, defendant Casgar and plaintiff's partners and employees sold their Superior stock to Superior's president. Consequently, numerous investors who had purchased Partners '81 limited partnerships in the private offering sued plaintiff, alleging that the Confidential Offering Memorandum contained material omissions in violation of section 12(2) of the Securities Act of 1933 ("1933 Act"), 15 U.S.C. § 771(2),[1] and section 11–703(a)(1)(ii) of the Maryland Corporations and Associations

---

**1.** Section 12(2) of the 1933 Act provides in pertinent part:

Any person who ... offers or sells a security ... by means of a prospectus or oral commu-

Code.[2] These Partners '81 investors obtained a judgment against plaintiff in the amount of $1,916,314.17, *Adalman*, No. Y-83-2485 (D.Md.1985), and later received $2,300,000.00 from plaintiff pursuant to a settlement agreement after its unsuccessful appeal. *See Adalman*, 807 F.2d 359 (4th Cir.1986). Plaintiff then filed this $7,000,000.00 action against defendants for indemnification and contribution under section 12(2) of the 1933 Act and section 11-703 of the Maryland Corporations and Associations Code, as well as for legal malpractice, negligent misrepresentation, and breach of contract. The Court will now address the merits of these respective claims.

*Indemnification Under Section 12(2) of the Securities Act of 1933*

■ Although section 12(2) of the 1933 Act creates an express cause of action on behalf of a security purchaser against the seller, it does not expressly provide for indemnification or contribution. In fact, the 1933 Act "do[es] not provide anywhere for indemnification under any circumstances." *Heizer Corp. v. Ross*, 601 F.2d 330, 335 (7th Cir.1979); *Stowell v. Ted S. Finkel Investment Services, Inc.*, 641 F.2d 323, 325 (5th Cir.1981). Moreover, only section 11(f) of the 1933 Act, 15 U.S.C. § 77k(f), contains an express contribution provision.

*Id.* Thus, plaintiff claims an implied right to indemnification and contribution under section 12(2).

In *Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77, 91, 101 S.Ct. 1571, 1580, 67 L.Ed.2d 750 (1981), the United States Supreme Court provided:

In determining whether a federal statute that does not expressly provide for a particular private right of action nonetheless implicitly created that right, our task is one of statutory construction. The ultimate question in cases such as this is whether Congress intended to create the private remedy—for example, a right to contribution—that the plaintiff seeks to invoke. Factors relevant to this inquiry are the language of the statute itself, its legislative history, the underlying purpose and structure of the statutory scheme, and the likelihood that Congress intended to supersede or to supplement existing state remedies.

(citations omitted). Section 12(2) is one of "numerous carefully drawn express civil remedies provided" in the federal securities acts. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 730, 95 S.Ct. 1917, 1922, 44 L.Ed.2d 539 (1975). As the Supreme Court noted in *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 458,

nication, which ... omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such ... omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such ... omission, shall be liable to the person purchasing such security from him.

15 U.S.C. § 77*l*(2). "Section 12(2) imposes strict liability, subject to the reasonable care defense. The resulting standard is one of negligence." *Kennedy v. Josephthal & Co.*, [1982–1983 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 99,204, at 95,821 (D.Mass. May 9, 1983) [available on WESTLAW, 1983 WL 1314] (citation omitted), *aff'd on other grounds*, 814 F.2d 798 (1st Cir.1987).

**2.** Section 11-703(a)(1)(ii) of the Maryland Corporations and Associations Code provides in pertinent part:

A person is civilly liable to the person buying a security from him if he ... sells the security by means of ... any omission to state a mate-

rial fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, the buyer not knowing of the ... omission, and if he does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the ... omission.

In *Shulton, Inc. v. Rubin*, 239 Md. 669, 686–87, 212 A.2d 476 (1964), the Maryland Court of Appeals noted that section 12(2) of the 1933 Act and section 11-703(a)(1)(ii) of the Maryland Corporations and Associations Code (previously codified at Md.Ann.Code art. 32A, § 34(a)(2) (Supp.1964)) are "substantially the same provisions." *See also Adalman*, 599 F.Supp. 752, 755 (D.Md.1984) (denying third-party defendants' motion for summary judgment) (section 12(2) of the 1933 Act and section 11-703(a)(1)(ii) of the Maryland Corporations and Associations Code are "essentially the same"), *aff'd on other grounds*, 807 F.2d 359 (4th Cir.1986).

94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974): "A frequently stated principle of statutory construction is that when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies."

The law is clear that the 1933 Act does not provide for indemnification. *See, e.g., Heizer Corp.*, 601 F.2d at 335; *Stowell*, 641 F.2d at 325. "In extending liability to underwriters and those who prepared misleading statements, the purpose of the [1933] Act is regulatory rather than compensatory, and permitting indemnity would undermine the statutory purpose of assuring diligent performance of duty and deterring negligence." *Laventhol, Krekstein, Horwath & Horwath v. Horwitch*, 637 F.2d 672, 676 (9th Cir.1980), *cert. denied*, 452 U.S. 963, 101 S.Ct. 3114, 69 L.Ed.2d 975 (1981). Moreover, many courts have specifically dismissed claims for indemnification pursuant to section 12(2) of the 1933 Act. *See, e.g., In re Professional Financial Management, Ltd.*, [Current Binder] Fed.Sec.L.Rep. (CCH) ¶ 93,716, at 98,317, 683 F.Supp. 1283 (D.Minn.1988); *Kennedy*, [1982–1983 Transfer Binder] Fed.Sec.L. Rep. (CCH) ¶ 99,204, at 95,822. Accordingly, the Court grants defendants' motion for summary judgment regarding plaintiff's claim for indemnification under section 12(2).[3]

### Contribution Under Section 12(2) of the Securities Act of 1933

■ The Supreme Court recently confirmed that section 12 of the 1933 Act does not expressly provide for contribution. *Pinter v. Dahl*, —— U.S. ——, —— n. 9, 108 S.Ct. 2063, 2069 n. 9, 100 L.Ed.2d 658 (U.S.1988). Unfortunately, the Court could not address the "difficult and unsettled" question concerning the availability of contribution under section 12 because the matter was not before it. *Id.* —— U.S. at —— n. 9, —— n. 30, 108 S.Ct. at 2069 n. 9, 2083 n. 30 at 4581 n. 9, 4588 n. 30. Nevertheless, this issue is currently ripe for resolution by this Court.

The law regarding contribution under the 1933 Act certainly requires clarification. In *DeHaas v. Empire Petroleum Co.*, 286 F.Supp. 809, 815–16 (D.Colo.1968), *aff'd in relevant part*, 435 F.2d 1223 (10th Cir. 1970), the first case to address the availability of contribution in a federal securities law action, the court implied a right to contribution under section 10(b) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. § 78j(b). Recognizing that sections 9 and 18 of the 1934 Act, 15 U.S.C. §§ 78i, 78r, expressly provide for a cause of action which includes the right to contribution, the court decided to permit contribution in a section 10(b) action, where the right of action itself is implied. *Id.*

Since *DeHaas*, courts have liberally implied the right to contribution to numerous sections of the federal securities acts, including section 12(2) of the 1933 Act, which expressly provides for a right of action, but does not include contribution as a remedy.[4] *See, e.g., Odette v. Shearson, Hammill & Co.*, 394 F.Supp. 946, 958 (S.D.N.Y.1975).

---

**3.** Plaintiff bases its argument in favor of indemnification under section 12(2) of the 1933 Act on two cases from this District, *Wassel v. Eglowsky*, 399 F.Supp. 1330 (D.Md.1975), *aff'd per curiam*, 542 F.2d 1235 (4th Cir.1976), and *Adalman*, 599 F.Supp. 752 (D.Md.1984), *aff'd on other grounds*, 807 F.2d 359 (4th Cir.1986). Both cases quote *Gould v. American–Hawaiian Steamship Co.*, 387 F.Supp. 163, 167 (D.Del.1974), *vacated on other grounds*, 535 F.2d 761 (3d Cir.1976), for the proposition that "an unsuccessful defendant may obtain indemnity from one significantly more responsible for the injury to the plaintiff." *Wassel*, 399 F.Supp. at 1366; *Adalman*, 599 F.Supp. at 754. However, the Supreme Court recently invalidated this substantial factor test for determining liability under section 12 of the 1933 Act after concluding that "Congress did not intend such a gross departure from the statutory language." *Pinter v. Dahl*, —— U.S. at ——, ——–——, 108 S.Ct. at 2082 (U.S.1988).

**4.** Although the Supreme Court has not addressed the validity of implied rights of contribution under federal securities act provisions containing either express or implied rights of action, it has made the following comment which bears directly on the present action:

That Congress knows how to define a right to contribution is shown by the express actions for contribution under § 11(f) of the Securities Act of 1933, and §§ 9(e) and 18(b) of the Securities Exchange Act of 1934. Some courts have extrapolated from these provi-

This precedent "was built on a foundation of sand." *In re Olympia Brewing Co. Securities Litigation,* 674 F.Supp. 597, 614 (N.D.Ill.1987) ("In the case of [section 12(2) of the 1933 Act] that expressly provides for a right of action but not for contribution, the court finds that it has no authority to imply or create a right to contribution.").

Section 12(2) of the 1933 Act does not expressly provide for contribution. *Pinter,* —— U.S. at —— n. 9, 108 S.Ct. at 2069 n. 9. Moreover, there is no evidence of congressional intent to provide this particular remedy under section 12(2) in the legislative history of the 1933 Act or its subsequent amendments. As the Supreme Court provided:

> '[T]he failure of Congress expressly to consider a private remedy is not inevitably inconsistent with an intent on its part to make such a remedy available.' But unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist.[5]

*Northwest Airlines,* 451 U.S. at 91, 101 S.Ct. at 1580 (quoting *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 18, 100 S.Ct. 242, 246, 62 L.Ed.2d 146 (1979)).

> sions that when an implied right of action exists under the securities laws, there also is an implied right to contribution. We intimate no view as to the correctness of these decisions; in any event, they do not support the implication of a right to contribution when a statute expressly creates a damages action but does not provide for contribution.
> *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 640 n. 11, 101 S.Ct. 2061, 2066 n. 11, 68 L.Ed.2d 500 (1981) (citing, among other cases, *Northwest Airlines* ).

5. As the Supreme Court noted in *Texas Industries,* 451 U.S. at 640, 101 S.Ct. at 2067 (1981):
> [T]he Court has recognized the need and authority in some limited areas to formulate what has come to be known as 'federal common law.' These instances are 'few and restricted' and fall into essentially two categories: those in which a federal rule of decision is 'necessary to protect uniquely federal interests,' and those in which Congress has given the courts the power to develop substantive law.

Consequently, three courts have recently held that contribution is not available under section 12(2) of the 1933 Act. *Professional Financial Management,* [Current Binder] Fed.Sec.L.Rep. (CCH) ¶ 93,716, at 98,318, 683 F.Supp. 1283 (D.Mn.1988); *Olympia Brewing,* 674 F.Supp. at 615; *In re Towner Petroleum Co. Securities Litigation,* Nos. 84–4972, 84–5832 (E.D.Pa. Feb. 13, 1987) [available on WESTLAW, 1987 WL 6746]. This Court reaches the same conclusion, and accordingly, grants defendants' motion for summary judgment concerning plaintiff's claim for contribution under section 12(2).[6]

### Indemnification Under Section 11–703 of the Maryland Corporations and Associations Code

■ Like section 12(2) of the 1933 Act, section 11–703 of the Maryland Corporations and Associations Code does not provide for indemnification. Moreover, this statute expressly prohibits implied remedies. Section 11–703(i) provides:

> The rights and remedies provided by this title are in addition to any other rights or remedies that may exist at law or in equity, but *this title does not create any cause of action not specified in this section* or § 11–410 (surety) or § 11–906 (repealed effective July 1, 1986) of this title.

(citations omitted). "[C]ontribution does not implicate 'uniquely federal interests' of the kind that oblige courts to formulate federal common law." *Id.* at 642, 101 S.Ct. at 2067. Moreover, the 1933 Act does not give the courts authority to expand the limited right to contribution it provides under section 11(f).

6. Plaintiff argues that under *Lawler v. Gilliam,* 569 F.2d 1283, 1287 (4th Cir.1978), section 12(2) liability extends to "all persons whose actions are a substantial factor in causing a purchaser to buy a security." If the Partners '81 investors had chosen to sue defendants, instead of plaintiff, under section 12(2), the Court would have had to consider defendants' liability. In which case, the Court would have recognized the Supreme Court's recent decision in *Pinter,* —— U.S. at —— – ——, 108 S.Ct. at 2080–82, which invalidated the substantial factor test for determining liability under section 12 of the 1933 Act. However, this action concerns plaintiff's demand for contribution from defendants under section 12(2), which is not allowed.

(emphasis added). *See Goodman v. Poland,* 395 F.Supp. 660, 681 (D.Md.1975) (Section 11–703(i) [previously codified at Md.Ann.Code art. 32A, § 34(h) (1971) ] was "specifically designed to avoid the development of an implied cause of action."); Comment, *Maryland Statutory and Common Law Remedies for Misrepresentation in Securities Transactions,* 13 U.Balt.L.Rev. 574, 595 (1984) ("Implied remedies therefore may not be fashioned to increase the protection afforded by the express remedies in the state Act."). Accordingly, the Court grants defendants' motion for summary judgment regarding plaintiff's claim for indemnification under section 11–703.

### Contribution Under Section 11–703 of the Maryland Corporations and Associations Code

■ Unlike section 12(2) of the 1933 Act, section 11–703 of the Maryland Corporations and Associations Code allows for contribution in specific instances. Section 11–703(c) provides:

(1) Every person who directly or indirectly controls a person liable under subsection (a) of this section, every partner, officer, or director of the person liable, every person occupying a similar status or performing similar functions, every employee of the person liable who materially aids in the sale or purchase, and every broker-dealer or agent who materially aids in the sale or purchase are also liable jointly and severally with and to the same extent as the person liable, unless the nonseller or nonbuyer who is so liable sustains the burden of proof that he did not know, and in exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.

(2) There is contribution as in cases of contract among the several persons so liable.

Plaintiff argues that defendants are liable under this statute, and thus subject to contribution, because they served as its agents in the securities transaction.

Section 11–101(b)(1) defines "agent" as "an individual other than a broker-dealer who represents a broker-dealer or issuer in effecting or attempting to effect the purchase or sale of securities." Pursuant to section 11–402, all agents must be registered with the Securities Commissioner of Maryland. Needless to say, attorneys who provide legal assistance with securities transactions do not qualify as agents under this statute because the Securities Commissioner does not require that they be registered. Thus, defendants are not liable under section 11–703. Accordingly, the Court grants defendants' motion for summary judgment and denies plaintiff's motion for partial summary judgment concerning plaintiff's claim for contribution under this statute.

### Legal Malpractice, Negligent Misrepresentation, and Breach of Contract Claims

■ Section 16 of the 1933 Act, 15 U.S.C. § 77p, and section 11–703(i) of the Maryland Corporations and Associations Code allow a plaintiff to pursue any other rights or remedies existing at law or in equity. *See* Comment, *supra,* at 611 ("Actions under common law theories of deceit or negligent misrepresentation remain viable separate actions at the state level or as additional counts in a federal forum, and offer the possibility of recovering punitive damages."). In this case, plaintiff seeks to recover from defendants for legal malpractice, negligent misrepresentation, and breach of contract.[7]

---

7. Plaintiff neither claims nor is entitled to indemnification or contribution under general state law. "Maryland law recognizes a right to indemnity independent of any contract where the character of one tortfeasor's conduct is significantly different from that of another who is also liable for the same damages." *Pyramid Condominium Association v. Morgan,* 606 F.Supp. 592, 595 (D.Md.1985). Maryland has also adopted the Uniform Contribution Among Tort-Feasors Act, which provides for a right of contribution among joint tort-feasors. Md.Ann. Code art. 50, § 17(a) (1957); *see also Pyramid Condominium,* 606 F.Supp. at 598. Plaintiff may not obtain indemnification or contribution from defendants under Maryland law because, unlike plaintiff, defendants are not liable under section 11–703 of the Maryland Corporations and Associations Code.

Defendants cite several securities fraud cases [8] to argue that the federal securities law policy against indemnification prevents plaintiff from raising these additional claims. Most of defendants' cases are inapposite because they only address the 1934 Act. The remaining cases that discuss the 1933 Act ignore section 16 which expressly confirms that a plaintiff may pursue "all other rights and remedies that may exist in law or in equity." 15 U.S.C. § 77p.

Moreover, public policy favors plaintiff's ability to raise its legal malpractice, negligent misrepresentation, and breach of contract claims. Plaintiff hired defendants to provide legal assistance in connection with its private offering. Defendants had an independent obligation to provide competent legal representation and to satisfy their contract. Accordingly, the Court denies defendants' motion for summary judgment regarding these claims.

### Rule 11 Sanctions

■ Finally, defendants ask this Court to sanction plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure for filing this action. The Rule 11 inquiry "focuses on whether a reasonable attorney in like circumstances could believe his actions to be factually and legally justified." *Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir. 1987). "If the standard of objective reasonableness is unsatisfied, sanctions are mandatory." *Id.*

The Court has granted defendants' motion for summary judgment concerning plaintiff's claims for indemnification and contribution under the federal and state securities acts. However, the Court notes that plaintiff had "a glimmer of a chance of prevailing" on these issues, *see Hoover Universal, Inc. v. Brockway Imco, Inc.*, 809 F.2d 1039, 1044 (4th Cir.1987), and where necessary, provided a "good faith argument for the extension, modification, or reversal of existing law." *See* Fed.R. Civ.P. 11. Plaintiff's surviving claims for legal malpractice, negligent misrepresentation, and breach of contract are also reasonable. Accordingly, the Court denies defendants' motion for Rule 11 sanctions.

### Remand

■ The Court's action today narrows plaintiff's suit against defendants to its claims for legal malpractice, negligent misrepresentation, and breach of contract under state law. Having eliminated plaintiff's federal law claims, which were the basis of the Court's removal jurisdiction, the Court now has discretion to remand plaintiff's surviving, pendent state law claims to state court.[9] *Fox v. Custis*, 712 F.2d 84, 89–90 (4th Cir.1983); *In re Carter*, 618 F.2d 1093, 1101 (5th Cir.1980), *cert. denied*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981). The Court recognizes that "[n]eedless decisions of state law should be avoided [by federal courts] both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers v. Gibbs*,

---

**8.** *Globus v. Law Research Service, Inc.*, 418 F.2d 1276 (2d Cir.1969), *cert. denied*, 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970); *Greene v. Emersons, Ltd.*, [1983–1984 Transfer Binder] Fed.Sec. L.Rep. (CCH) ¶ 99,582 (S.D.N.Y. Dec. 1, 1983) [available on WESTLAW, 1983 WL 1395]; *Maryville Academy v. Loeb Rhoades & Co., Inc.*, 530 F.Supp. 1061 (N.D.Ill.1981); *Stratton Group, Ltd. v. Sprayregen*, 466 F.Supp. 1180 (S.D.N.Y. 1979); *Odette*, 394 F.Supp. 946.

**9.** When the Court denied plaintiff's prior motion to remand by Order dated March 18, 1988, it noted that, in the interests of judicial economy, plaintiff's suit against defendants should proceed in the court where the underlying cause of action went to trial. After presiding over the original trial, where a jury found plaintiff liable to the Partners '81 investors for federal and state securities law violations, *Adalman*, No. Y-83-2485 (D.Md.1985), *aff'd*, 807 F.2d 359 (4th Cir.1986), this Court, indeed this particular judge, was in the best position to address plaintiff's resulting federal and state securities law claims against defendants. This judge has taken inactive status since resolving these securities law claims, and thus is unable to address plaintiff's remaining claims for legal malpractice, negligent misrepresentation, and breach of contract under state law. Since the remaining federal judges of this Court are no more familiar with plaintiff's action than the judges of the state court, it is only appropriate that this case be remanded to state court for resolution of plaintiff's pending state law claims.

438

383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (footnote omitted). Accordingly, the Court remands this action to the Circuit Court for Baltimore City for consideration of plaintiff's remaining state law claims.

## ORDER

In accordance with the attached Memorandum, it is this 27th day of June, 1988, by the United States District Court for the District of Maryland, ORDERED:

1. That defendants' motion to dismiss BE, and the same IS, hereby CONSIDERED a motion for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure;

2. That plaintiff's motion for partial judgment on the pleadings BE, and the same IS, hereby CONSIDERED a motion for partial summary judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure;

3. That defendants' motion for summary judgment BE, and the same IS, hereby GRANTED regarding plaintiff's claims for indemnification and contribution under section 12(2) of the Securities Act of 1933, 15 U.S.C. § 771(2), and section 11-703 of the Maryland Corporations and Associations Code;

4. That defendants' motion for summary judgment BE, and the same IS, hereby DENIED concerning plaintiff's claims for legal malpractice, negligent misrepresentation, and breach of contract under state law;

5. That plaintiff's motion for partial summary judgment BE, and the same IS, hereby DENIED;

6. That defendants' motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure BE, and the same IS, hereby DENIED;

7. That plaintiff's action BE, and the same IS, hereby REMANDED to the Circuit Court for Baltimore City for resolution of plaintiff's remaining state law claims;

8. That the Clerk of this Court BE, and the same IS, hereby ORDERED to forward the appropriate papers to the Clerk of the Circuit Court for Baltimore City.