ELSA CESARIO, Respondent, and AUGUST CESARIO, Plaintiff, v. DEMETRIA REALTY CORPORATION, Appellant.

First Department, March 12, 1937.

*James J. McLoughlin* of counsel [*John J. Kirwan*, attorney], for the appellant.

*Martin E. Burke*, for the respondent.

McAVOY, J. Elsa Cesario brought this action to recover damages for personal injuries alleged to have been sustained by her on April

29, 1933, due to the negligence of the defendant in the maintenance of a stairway, and her husband sought also to recover for loss of services and consortium.

The plaintiff attempted to prove that she sustained three principal injuries; these were: A fracture of the left heel bone, a compressed fracture of the body of the second lumbar vertebra, and a fracture of the coccyx.

The defendant partially disputed the first claimed injury and entirely disputed the latter two injuries. The defendant conceded that the plaintiff fractured the left heel bone, but contended that a good union resulted, with no displacement and no permanent disability.

As to the alleged compressed fracture of the body of the second lumbar vertebra, defendant's doctors testified that it had existed for a long time prior to the accident.

The defendant's doctors testified that the X-ray films did not show any fracture of the coccyx. Plaintiff's doctors based their opinion that one existed on what they claimed looked like an " unusual curvature " of the coccyx. They did not all agree, however. One claimed it to be a fracture of the articulation between the sacrum and the coccyx, and not of any particular segment of the coccyx, while the other said it was a fracture of the coccyx proper, although based only on a claimed " angulation of the coccyx."

Upon the conflicting medical proof there was presented to the jury a well-defined, sharply contested, issue as to the existence of these claimed injuries. They could have found upon the proof and under the court's charge either that the plaintiff sustained some or all of these injuries as the result of the accident, or that only a fracture of the left heel bone was suffered by her.

The jury brought in a verdict for the plaintiff Elsa Cesario in the sum of $2,500 and in favor of her husband, August Cesario, in the sum of $500. The trial court set aside her verdict as inadequate, and ordered a new trial unless the defendant, within ten days, agreed to an increase of the verdict to the sum of $5,000.

It was not within the province of the trial court, under these facts, to substitute his idea of damages for that of the jury. By ordering a setting aside of the verdict unless a greater sum were consented to by defendant, the court, without any apparent prejudice appearing on the jury's part, gave a ruling on the facts which nothing in the record condones. The determination of the jury should not be disturbed unless it could be said the verdict was so grossly inadequate as to be unconscionable. It was for the jury to determine the extent of Elsa Cesario's injuries and to agree on a fair and just

amount by way of damages to compensate her for such injuries. This they have done after having heard and observed the various witnesses, and after due deliberation. *Finem litis lex requirit.*

The order should be reversed, with costs, and the verdict reinstated.

MARTIN, P. J., O'MALLEY, DORE and COHN, JJ., concur.

Order unanimously reversed, with costs and disbursements, and the verdict reinstated.