FRANK HANLON, Appellant, v. LIVIO LARESE, Respondent.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Carswell, Acting P. J., Johnston, Sneed, Wenzel and MacCrate, JJ.

■

GEORGE S. RADER, Respondent-Appellant, v. GOODWIN LABORATORIES, INC., Appellant-Respondent.— Motion referred to the court that rendered the decision. Present — Carswell, Acting P. J., Johnston, Sneed, Wenzel and MacCrate, JJ. Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Carswell, Johnston, Wenzel and MacCrate, JJ., Nolan, P. J., not voting. [See ante, p. 670.]

■

JOHN D. CONDON, JR., by His Guardian ad Litem, JOHN D. CONDON, SR., Respondent, v. LOUIS NILSEN, Doing Business under the Name of NILSEN & MILLS, Appellant.— In an action to recover damages for personal injuries suffered by plaintiff as the result of his being struck by defendant's automobile, defendant appeals from an order setting aside, as inadequate, a verdict in favor of plaintiff for $5,000 and granting a new trial. Order reversed on the facts, with costs, the motion denied, the verdict reinstated, and judgment directed to be entered in accord therewith, with costs. In view of the conflicting medical proof as to the nature and extent of plaintiff's injuries, it was for the jury to determine the amount to be awarded plaintiff to compensate him for the injuries found to exist. In these circumstances, the verdict may not be said to be inadequate. (Cesario v. Demetria Realty Corp., 250 App. Div. 272.) Carswell, Acting P. J., Johnston, Sneed, Wenzel and MacCrate, JJ., concur.