■ ABRAHAM SHAPP et al., Appellants, v. LUCILLE SIMMONS et al., Respondents.— GABRIELLI, J. Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered June 5, 1967 in Sullivan County, upon a verdict rendered at a Trial Term, and from an order of said court, entered June 5, 1967 which denied plaintiffs' motion to set aside the verdicts. Appellant Frances Shapp has recovered a verdict of $500 for personal injuries sustained in an automobile accident and her husband has recovered a verdict for a like amount in his derivative action. The sole issue on this appeal is the adequacy of the verdicts. The elements of the wife's damages were pain and suffering including a hospital stay. The extent of her injuries and disabilities rested basically and substantially upon evidence furnished by the plaintiff and her attending physician, the defendant calling no witnesses; and as we stated in *Leversee* v. *Neidermyer* (219 App. Div. 214, 215), " It was, therefore, a question depending upon the credibility of the witnesses called and the estimates to be made of the extent of the injuries, the pain and suffering endured ". The record clearly shows serious issues being created as to her disability as evidenced by the examination and cross-examination of her attending physician, with particular reference to her previous physical condition as it related to her present complaints; and in these regards there appears conflicting medical testimony as to the existence of the claimed injuries which the jury was called upon to evaluate. Additionally, it is observed that although one of her complaints dealt with a cervical sprain, the neurosurgeon to whom she was referred was not produced as a witness. In light of these circumstances we cannot say as a matter of law that the trial court was called upon to set aside the verdicts for the wife. We likewise hold that the verdict in the derivative action should not be disturbed. The verdict in this action encompassed all medical expenses and evidently the jury found the husband was entitled to nominal damages on his claim for loss of services, perhaps because of a doubt cast on cross-examination regarding the necessity for the wife's stay in the hospital. The fixation of damages in personal injury actions is peculiarly the function of the jury (*Brown* v. *McChesney*, 279 App. Div. 825) and should not be disturbed unless it can be said it was so grossly inadequate

as to be unconscionable (*Mormon* v. *Serkanic*, 25 A D 2d 526; *Cesario* v. *Demetria Realty Corp.*, 250 App. Div. 272); and we are here unable to so rule. While the damages might have been appraised higher by some other jury, we cannot say as a matter of law that the verdicts are inadequate. (*Sexton* v. *Williamson*, 28 A D 2d 614.) Judgment and order affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.