OPINION OF THE COURT
Arnold G. Fraiman, J.
The defendant medical doctors in this action for malpractice move pursuant to CPLR 3211 (subd [a]) to dismiss the cross claim of defendant Kings Highway Medical Group (Medical *19 Group) for failure to state a cause of action and on the further ground of res judicata.
The original complaint named Health Insurance Plan of Greater New York (HIP) and the medical doctors as defendants. The doctors served their answer and a demand for a bill of particulars. They then moved for an order of preclusion by reason of plaintiffs’ failure to serve their bill. The motion was granted by default unless the particulars were served within 20 days. The particulars apparently not having been served within the specified period, the doctors moved for summary judgment dismissing the complaint as to them on the ground that since plaintiffs were precluded from introducing evidence at the trial as to those items for which particulars had been demanded the complaint should be dismissed as a matter of law. The motion for summary judgment was granted by default on May 10, 1977. However, in April, 1977, plaintiffs had served an amended complaint in which they added Medical Group as a party defendant. Medical Group answered the amended complaint in June, 1977 and asserted a "cross-claim” over against the doctors pursuant to Dole v Dow Chem. Co. (30 NY2d 143). (In view of the prior dismissal of the action-in-chief against the doctors, the cross claim will be treated as a third-party complaint under CPLR 1007.)
The doctors argue that a third-party action against them cannot lie under Dole because plaintiffs’ action against them was dismissed on their motion for summary judgment. Relying upon CPLR 1401, and Barry v Niagara Frontier Tr. System (76 Misc 2d 316, affd 42 AD2d 1035), they contend that contribution may be had only against a party who himself is subject to liability, and inasmuch as they are not so subject by. reason of the summary judgment in their favor, the third-party action must fall.
In the Barry case, plaintiff, who was injured when alighting from a bus, sued the bus company and the town, the former on the ground that it negligently operated the bus, and the latter for negligence in failing to repair the street where the accident occurred. The action against the town was dismissed on the ground that it had received no prior written notice of the defect, as required by local law. It then moved to have the claim over for contribution brought against it by the bus company also dismissed and the court granted the motion. Basis for the court’s determination was that a condition precedent to imposing liability on the town was the filing of a *20 written notice of defect with the village clerk and inasmuch as this concededly had not been done, the town could not be held in as a joint tort-feasor.
Thus, the rationale of the Barry case is that an action over for contribution will not lie unless all the essential elements of a cause of action against the proposed contributor can be made out. Applying that rationale to the instant case, it is readily apparent that the third-party complaint of Medical Group states a valid cause of action against the doctors. While the plaintiffs are precluded from offering proof of the requisite elements to hold the doctors in, Medical Group is not. If it can establish on the trial that the doctors were negligent and their negligence was a proximate cause of plaintiffs’ injuries, then, even though plaintiffs are barred from recovering against the doctors, Medical Group would have a valid third-party action against them for contribution under CPLR 1401.
The situation is analogous to a third-party complaint against plaintiff’s employer by a party named as a defendant in a negligence action arising out of a work-related injury. While the employer is not subject to liability to the plaintiff directly because of the Workmen’s Compensation Law, he is clearly subject to contribution in a third-party action. Similarly, where plaintiff is barred from proceeding against a prospective defendant by reason of the Statute of Limitations, such a defendant is still subject to a claim for contribution by another defendant. (Zillman v Meadowbrook Hosp. Co., 73 Misc 2d 726; 1975 Report of NY Judicial Conference, p 211 et seq.) For the foregoing reasons, the motion to dismiss the third-party complaint is denied.