## THIRD DEPARTMENT, MARCH, 1978

### (March 2, 1978)

█ SANDRA A. MALETTE, Respondent, v LOBLAWS, INC., et al., Appellants. (And Twelve Other Related Actions.)—Appeals from nine judgments of the Supreme Court in favor of the plaintiffs, entered July 6, July 14, July 29 and October 29, 1976 in Franklin County, upon a verdict rendered at a Trial Term and upon an order of the court apportioning liability. On April 4, 1968, 8 of the 13 plaintiffs were shopping at the Loblaws supermarket in Malone, New York, during the store's grand opening. The eight were standing under or near a large canopy or valance beneath which were displays of meats and other merchandise. Suddenly, and without warning, the valance which was constructed of two by fours, boarding and plaster board and which was laden with light fixtures and various accoutrements crashed to the floor. As the valance fell, it struck the shoppers, inflicting bodily injuries to each of the eight. Each of the injured commenced an action and separate derivative actions were instituted on behalf of six of the plaintiffs' spouses. Several different attorneys represented the plaintiffs and, with numerous defendants, it is not surprising that all defendants were not sued in each action. A joint trial was had and at the outset thereof the defendants stipulated on the record that the cross claims would not be submitted to the jury for its determination and sometime later further stipulated to submit the question of the apportionment of damages to the court. Verdicts aggregating $83,000 were awarded to all plaintiffs and ranged from a low of $2,000 to a high of $15,000. Pursuant to stipulation, the court subsequently determined that the defendant Robert Miller Construction, Inc. (hereafter Miller) was 70% liable; that the defendant Loblaws, Inc. (hereafter Loblaws) was 20% liable and that the defendant K. P. Associates, Inc. (hereafter K. P.) was 10% liable. Although all of the named defendants filed notices of appeal, only Loblaws and Miller perfected their appeals. K. P. filed no brief and did not appear at the oral argument and its appeal has been deemed abandoned. The defendant Miller argues that liability for the injuries rests solely upon K. P. and Loblaws and that the court erred in finding it 70% liable in the Marlow action because it was not a named defendant nor was it impleaded by any other defendant. Together with Loblaws, Miller asserts that the verdicts were excessive. Loblaws additionally contends that it is entitled as a matter of law to be indemnified for its 20% of the damages and that plaintiffs' attorneys' conduct of the trial was prejudicial to it. Concerning the attack on the apportionment of the damages our examination of the record leads us to the conclusion that the Judge's decision was particularly well reasoned and eminently fair. Assessment of the major share of the damages against Miller is entirely consistent with the proof. Miller constructed the valance and there is an abundance of evidence that it was improperly nailed and secured and that Miller made no

inquiry as to its ultimate use and function. It is clear too that Loblaws contributed to the near catastrophe by not inspecting the valance before attaching lighting fixtures, paneling, signs and other attachments weighing from a low estimate of 800 pounds to a high of 3,000 pounds. Loblaws' own expert, in referring to proper practice, testified "before I attach anything, I see whether it will hold or not" and Loblaws' own carpenter-foreman testified that he did not check the valance to see how it was supported or to see how much weight it could be expected to hold before adding the additional weight. Finally, there was evidence that K. P.'s officer Patron ordered the construction of the valance without specifying any requirements or ascertaining to what use it would be exposed. All three defendants were clearly guilty of some negligence and the court's percentage distribution of the responsibility is in full accord with the proof. The defendant Miller's assertion that it should not be responsible for any percentage of the Marlow claim because it was not a named defendant or impleaded by any other defendant is, at first, appealing. However, any merit to the assertion vanishes when the stipulation of the defendants is examined. In relevant part it reads as follows: "The defendant Robert Miller Construction Company, Inc., the defendant K. & P. Associates, the defendants Conover and Patron, and the defendant Con-Mar Corporation, in so far *[sic]* as those defendants are concerned, they have agreed and stipulated that any cross action that they might have or have against one another, or any third-party actions that they might have, for either contribution and/or full indemnification, will be held in abeyance and that those issues will not be submitted to this jury for determination." It seems clear that the use of the words "might have" could only refer to those actions or claims over where process had not been served and that those potential claims would be held in abeyance and remain for decision by the trial court. Thus, we must conclude that the defendant Miller stipulated to the trial court's apportionment of liability in the Lawrence Marlow action. Without conceding, but supposing that our construction of the stipulation is unjustified, the defendant Miller cannot be heard to complain because the amended judgment in the Marlow action is not entered against Miller so the trial court's decision was not incorporated in the judgment. Moreover, if Loblaws and K. P. were to claim contribution against Miller, under the circumstances here present, they would be entitled to summary judgment against Miller determining his share of liability as 70% under the doctrine of collateral estoppel (see *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65; see, also, *Zizzi v Zizzi,* 33 AD2d 926). We find no merit to Loblaws' contention that it is entitled, as a matter of law, to indemnification from K. P. and/or Miller. While it cannot be said that there is no similarity between contribution and indemnification, there are significant differences. Contribution applies when two or more joint tort-feasors have shared, albeit in various degrees, in the responsibility by their conduct or omissions in causing an accident, in violation of the duties they respectively owed to the injured person *(Rogers v Dorchester Assoc.,* 32 NY2d 553, 567). Here the evidence clearly shows that Loblaws added significant weight to the valance without making inquiry or inspection, thus providing support for a finding by the jury that it was guilty of concurrent tortious conduct. As a joint tort-feasor, it was entitled to contribution. The rule in *Dole v Dow Chem. Co.* (30 NY2d 143) was hardly intended to overturn basic and satisfactory principles of common-law indemnification between vicariously liable tort-feasors and tort-feasors guilty of the acts or omissions causing the harm *(Rogers v Dorchester Assoc., supra).* Indemnification is reserved for those situations where a

contract provides for it or where one is held vicariously responsible solely by imputation of law because of his relation to the actual wrongdoer, and it applies against those other tort-feasors guilty of the acts or omissions causing the harm. Loblaws has not been held responsible solely by imputation of law and is, therefore, not entitled to indemnification (see Prosser, Law of Torts [4th ed], § 51, pp 310–312). Likewise, we find no merit to Loblaws' contention that the conduct of the trial by the plaintiffs' attorneys prejudiced its defense. While the trial may have been somewhat longer than necessary, it cannot be said in the light of the record that one participant was more responsible than another. After a consideration of all of the evidence and of the guidelines set forth in *Riddle v Memorial Hosp.* (43 AD2d 750, 751), we are unable to say that the awards are so disproportionate to the injuries sustained that they are not within reasonable bounds *(Thompson v Carney,* 52 AD2d 977, 978). Certainly they are not so excessive as to be unconscionable *(Hallenbeck v Caiazzo,* 41 AD2d 784; *Shapp v Simmons,* 31 AD2d 666). Accordingly, the verdicts should be affirmed. Judgments affirmed, with costs to respondents filing briefs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.