Edmund JORDAN, Dolores Jordan, Steven Kane, Joyce Kane, Daniel B. Katz, Harvey Levine, Sheldon Murra, Marc Nagel, Felix E. Matusky and Robert Wasserman, Plaintiffs,

v.

MADISON LEASING COMPANY, Turnkey Equipment Leasing, Inc., Turnkey Sales and Leasing, Inc., Turnkey Software, Inc., Fred Lanzetta, Vincent J. Deschamps, Patricia Krever, Joseph M. Patane, J.R. Fredrick Corp., Dewall Leasing Corp., Todtman, Epstein, Young & Goldstein, P.C., Donald R. Young, Martin Todtman, Seymour M. Goldstein, Martin B. Epstein, Gary Goldberg & Company, Inc., and Gary Goldberg, Defendants.

TODTMAN, EPSTEIN, YOUNG & GOLDSTEIN, P.C., Donald R. Young, Martin Todtman, Seymour M. Goldstein and Martin B. Epstein, Third-Party Plaintiffs,

v.

SCHLESINGER & SLAVET, P.C., Seidman & Seidman, Joseph Klausner and the Estate of Howard P. Schlesinger, Third-Party Defendants.

Nos. 83 Civ. 2515 (SWK), 83 Civ. 3237 (SWK), 83 Civ. 3438 (SWK), 83 Civ. 5497 (SWK) and 83 Civ. 5833 (SWK).

United States District Court,
S.D. New York.

Oct. 2, 1984.

Siff & Newman, P.C. by Benjamin Vinar, New York City, for third-party plaintiffs Todtman, Epstein, Young & Goldstein, P.C., Martin Todtman, Donald R. Young, Seymour M. Goldstein, Martin B. Epstein and Robert D. Tolz.

Solinger, Grosz & Goldwasser, P.C. by Bernard Persky, New York City, for third-party defendants Schlesinger & Slavet and the Estate of Howard P. Schlesinger.

Cahill, Gordon & Reindel by Mathias E. Mone, New York City, for third party defendants Seidman & Seidman and Joseph Klausner.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action is before this Court upon the motion of third-party defendants to dismiss the third-party actions against them pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. For the reasons stated below the motions are hereby granted in part and denied in part.

The main action, as well as the third-party actions emanate from a complicated tax shelter scheme involving plaintiffs' purchase and the subsequent lease back to end users of certain word processing equipment and software. The defendants include Turnkey Information Processing, Inc. and various entities associated with the sale of the tax shelters (Turnkey companies), various officers and directors of Turnkey, the law firm of Todtman, Epstein, Young & Goldstein and various partners of the law firm (third-party plaintiffs). The plaintiffs variously allege that some or all of the equipment and software purportedly sold to them in fact never existed or was materially different from the equipment described to them, that the value of such equipment and software that did exist was lower than originally represented to them, that such equipment and software was not actually leased to end users, and that, as a result, the tax benefits which they were led to believe they would realize never materialized. Plaintiffs allege violations of Section 10(b) of the Securities and Exchange Act of 1934, breach of fiduciary duties, fraud, recklessness, negligence and violation of the Federal anti-racketeering laws. Plaintiffs charge that defendants, third-party plaintiffs, misrepresented the nature and value of the equipment in the offering memoranda prepared by third-party plaintiffs, and that they should be held liable for

failing to investigate and correct such misinformation.

Third-party defendants, Schlesinger & Slavet, P.C., the Estate of Howard P. Schlesinger, Seidman & Seidman and Joseph Klausner, are the accountants who audited the financial statements of the Turnkey companies for the fiscal years ending December 31, 1979 and 1980 and March 31, 1981 and 1982. Third-party plaintiffs have commenced their action seeking indemnification and contribution from third-party defendants "for misleading them by the clean opinions which they repeatedly gave to their clients' financial statements year after year." (Third-party plaintiffs' Memorandum in Opposition to the Dismissal Motions, at 4).

*Indemnity*

■ The right to indemnification may arise out of an express agreement of indemnification, or it may be implied by law in favor of one who is held liable solely by imputation of law because of his relation to the actual wrongdoer. *Rogers v. Dorchester Assoc.*, 32 N.Y.2d 553, 347 N.Y.S.2d 22, 300 N.E.2d 403 (1973); *Margolin v. New York Life Ins. Co.*, 32 N.Y.2d 149, 344 N.Y.S.2d 336, 297 N.E.2d 80 (1973); *Malette v. Loblaws, Inc.*, 61 A.D.2d 1054, 402 N.Y.S.2d 474, 477 (1978).

■ In this case third-party plaintiffs claim that, under the principle of primary versus secondary liability, they are entitled to full indemnity, implied by law, against a third person even if they are found guilty of negligence, as long as the nature of the third person's wrong is more culpable. In support of this proposition, third-party plaintiffs rely upon *Dole v. Dow Chemical Co.*, 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972). However, *Dole* and subsequent cases interpreting *Dole* make it clear that indemnity is allowed where the party seeking indemnity was not personally at fault and did not actually contribute to the injury, but was held liable to the plaintiff only vicariously. *Tokio Marine and Fire Ins. Co. v. McDonnell Douglas Corp.*, 465 F.Supp. 790 (S.D.N.Y.1978), *aff'd*, 617 F.2d 936 (2d Cir.1980). Furthermore, *Dole*

recast the terminology categorizing primary and secondary liability. The party who is primarily liable is the one who should pay ultimately for his actual fault. The one who must pay because of first instance liability to third parties, but who ought to be able to recover from one guilty of actual fault, is secondarily liable. *Kelly v. Diesel Construction Division*, 35 N.Y.2d 1, 7, 358 N.Y.S.2d 685, 690, 315 N.E.2d 751, 754 (1974).

■ In this case, third-party plaintiffs are not being held vicariously responsible solely by imputation of law because of their relation to the third-party defendants. Rather, the claims asserted against the third-party plaintiffs are based upon their own acts or omissions. Consequently, third-party plaintiffs are not entitled to indemnification. Instead, according to the principles enunciated in *Dole*, what third-party plaintiffs have stated, at most, is a basis for an apportionment of responsibility among the parties. Therefore, third-party plaintiffs' claims for indemnification are DISMISSED.

*Contribution*

The third-party plaintiffs seek contribution on plaintiffs' common law claims of negligence, gross negligence, recklessness, breach of fiduciary duty and fraud and under federal law for violation of Section 10(b) of the Securities and Exchange Act of 1934.

The New York law of contribution, codified in CPLR 1401, provides that

> two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.

The legislative report of the Judicial Conference made it clear that CPLR 1401 expanded the right of contribution to include not only joint tort feasors, but also "concurrent," "successive and independent,"

"alternative" and "intentional" tort feasors. (Twelfth Annual Report of the Judicial Conference on CPLR to the Legislature, 1974 McKinney's Session Laws, pp. 1805–1907).

■ An action over for contribution will not lie unless all of the essential elements of a cause of action against the proposed contributor can be made out. *Lodino v. Health Ins. Plan of Greater New York, Inc.*, 93 Misc.2d 18, 401 N.Y.S.2d 950, 951 (1977).

■ In this case, third-party defendants can be held liable in negligence only to those parties with whom they are in privity. This rule was set forth in *Ultramares Corp. v. Touche*, 255 N.Y. 170, 189, 174 N.E. 441 (1931), and was recently reaffirmed in *Dworman v. Lee*, 56 N.Y.2d 816, 452 N.Y.S.2d 570, 438 N.E.2d 103 (1982), *aff'g on opinion below*, 83 A.D.2d 507, 441 N.Y.S.2d 90 (1st Dept.1981). Thus, although third-party defendants may have been aware that the audits which they prepared would be relied upon by third parties, in the absence of privity of contract the accountants cannot be held liable to third parties for negligence. Therefore, to the extent that third-party plaintiffs' contribution claims are based on allegations of negligence by third-party defendants, they are insufficient to state a cause of action.

■ Accountants may be held responsible to third persons for their fraudulent acts or omissions. Generally, a necessary element of actionable fraud is knowledge of the falsity of the representations on the part of the person making such misrepresentations. However, negligence, if gross, or blindness, although not equivalent to fraud, is sufficient to sustain an inference of fraud. *Ultramares v. Touche, supra* at 186, 189, 190, 174 N.E. 441; *State Street Trust Co. v. Ernst*, 278 N.Y. 104, 112, 15 N.E.2d 416 (1938). "A refusal to see the obvious, a failure to investigate the doubtful, if sufficiently gross, may furnish evi-

dence leading to an inference of fraud so as to impose liability for losses suffered by those who rely on the balance sheet." *Id.* Thus, although there may be lacking deliberate fraud on the part of third-party defendants, they may be liable to third persons where they had reason to know that the audits would be relied upon by those third persons, if it can be established that they were grossly negligent or reckless in their preparation of the audits. "[I]f less than this is proved, if there has been neither reckless misstatement nor insincere profession of an opinion, but only honest blunder, the ensuing liability for negligence is one that is bounded by the contract." *Ultramares v. Touche, supra* at 189, 174 N.E. 441.

Therefore, the third-party plaintiffs have sufficiently pleaded a cause of action for contribution based on the claims of gross negligence and recklessness. For this reason, third-party defendants' motions to dismiss are DENIED as to these causes of action.

Seidman & Seidman asserts that it cannot be held liable in contribution since it issued its opinion upon the financial statements after all of the plaintiffs' purchases had taken place. However, the third-party complaints may not be dismissed unless it can be shown beyond doubt that the third-party plaintiffs can prove no set of facts in support of their claims which would entitle them to relief. It is not at all clear, based upon these pleadings, that none of the plaintiffs made their investment decisions after Seidman & Seidman issued its opinion. For this reason Seidman & Seidman's request that these claims against it be dismissed is DENIED.

*Pleading Fraud Under Rule 9(b)*

■ Third-party defendants argue that third-party plaintiffs' allegations of fraud have not been pled with particularity as required by Fed.R.Civ.P. 9(b).[1]

---

1. Rule 9(b) provides:

 In all averments of fraud or mistake, the circumstances constituting fraud or mistake

shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Third-party plaintiffs have set forth the particular accounting and audit procedures and principles which the auditors allegedly violated. Thus, although these allegations are not as specific as might be desired,[2] third-party defendants have certainly been given fair notice of what the third-party plaintiffs' claim is and the grounds upon which it rests. The averments clearly go beyond the conclusory allegations forbidden by Rule 9(b). For this reason, third-party defendants' motion to dismiss for failure to comply with Rule 9(b) is DENIED.

*Violation of Section 10(b)*

 The right to contribution for claims under Section 10(b) is governed by federal law. *Altman v. Liberty Equities Corp.,* 54 F.R.D. 620, 625 (S.D.N.Y.1972). It is well-established that contribution is a remedy available in cases involving violations of the federal securities law, but it is limited solely to recovery among joint tort feasors. *Stratton Group Ltd. v. Sprayregen,* 466 F.Supp. 1180 (S.D.N.Y.1979). A finding that parties are joint tort feasors is based on common liability to the injured party and not necessarily upon the same tort. Thus, if it is determined that the third-party defendants are liable to the plaintiffs based on a theory of fraud, then third-party defendants would be joint tort feasors against whom a right to contribution would exist.

Therefore, since third-party plaintiffs may be entitled to contribution on the claims under Section 10(b), the third-party defendants' motions to dismiss the third-party complaint for failure to state a claim are DENIED as to this cause of action.

–CONCLUSION–

Third-party defendants' motions to dismiss the third-party complaint are DENIED as to the claims for contribution based on gross negligence, recklessness, breach of duty, fraud and violation of the federal securities law under Section 10(b). The motions are GRANTED as to the third-party plaintiffs' claims for indemnity and contribution based on a claim of negligence. In light of the fact that third-party plaintiffs' claims for contribution have been dismissed only in part, Schlesinger & Slavet's request that the non-contribution claim against it be dismissed is accordingly DENIED. Third-party defendants' motions to dismiss the third-party complaint for failure to comply with Fed.R.Civ.P. 9(b) is DENIED.

SO ORDERED.

---

**2.** Cases have required plaintiffs to set forth the manner in which each document is alleged to have been fraudulent and to identify in what respects each particular statement was false or misleading. Nonetheless, in this case a sufficient nexus exists between the financial statements alleged to be false and the manner they are allegedly false to defeat a motion to dismiss.