**The CONNECTICUT NATIONAL BANK, Plaintiff,**

v.

**RELIANCE INSURANCE COMPANY and Intercontinental Monetary Corporation, Defendant.**

**RELIANCE INSURANCE COMPANY, Third-party Plaintiff,**

v.

**BATEHILL, INC., and Bateman, Eichler, Hill Richards, Incorporated, Third-party Defendants.**

No. 87 CIV. 3216 (SWK).

United States District Court, S.D. New York.

Jan. 25, 1989.

Law Offices of Russell H. Beatie, Jr., by Samuel J. Abate, Jr., New York City, for third-party plaintiff.

Morgan, Lewis & Bockius, by Robert M. Romano, New York City (James Wawro, Russell W. Chittenden, John M. Vassos, of counsel), for third-party defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff, the Connecticut National Bank ("CNB" or the "Bank"), instituted this action in May, 1987, against defendants Reliance Insurance Company ("Reliance") and Intercontinental Monetary Corporation

("IMC") alleging, among other things, violations of section 10(b) of the Securities Exchange Act of 1934 ("the 1934 Act"), 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5, and section 17(a) of the Securities Act of 1933 ("the 1933 Act"), 15 U.S. C. § 77q(a). Reliance, in turn, has impleaded Batehill, Inc. ("Batehill") and Bateman Eichler, Hill Richards, Inc. ("BEHR") on a claim for contribution. Third-party defendants moved to dismiss the third-party complaint on various grounds pursuant to Fed. R.Civ.P. 12(b)(6) and 9(b). The Court referred the matter to Magistrate Naomi Reice Buchwald for consideration, and she has issued a Report and Recommendation, dated September 29, 1988, in which she recommends that the motion to dismiss be granted. Third-party plaintiff has timely filed objections pursuant to Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(C), to which third-party defendants have responded, and the Court has considered *de novo* the matters to which objections have been made.

## BACKGROUND

Since this is a Rule 12(b)(6) motion to dismiss, the facts in the complaint are deemed true for the purposes of this motion. The incidents in question here revolve around the selling of limited partnership units in Arboleda One, Ltd ("Arboleda One"), a California limited partnership created to operate an office building in Phoenix, Arizona. BEHR served as the selling agent for the limited partnership units. The limited partners purchased units by putting a small amount of cash down and executing promissory notes for the balance. IMC financed the purchase of the partnership units by loaning to Arboleda One an amount equal to the value of the promissory notes, which were assigned to IMC. Reliance acted as surety by issuing a surety bond to guarantee payment of the amounts due under the notes. The limited partners were also to agree to indemnify Reliance in the event of default on the notes requiring Reliance to pay on its surety bond.

In July, 1985, Reliance, IMC and BEHR became aware of possible irregularities concerning the marketing of the limited partnership units. BEHR, or another selling agent, had allegedly engaged in activities that did not comply with the conditions for the availability of exemptions from registration under the Securities Act of 1934 and various state securities laws, and the legal effect of these activities, according to the complaint, was to give the limited partners a right to rescind their purchase of the units. At roughly the same time,[1] the Arizona Corporation Commission notified the general partner of Arboleda One of an investigation concerning the marketing of the units, and the general partner notified Reliance of the nature of the potential claims. IMC also knew of the investigation and suggested to the general partner that the claims may taint the transaction. The Arizona securities commissioner recommended that Reliance or IMC notify the limited partners and they in turn made the same recommendation to the general partner and to BEHR. Though the general partner and BEHR agreed to notify the limited partners, prior to the ultimate assignment of the notes to plaintiff, they did not do so.

Reliance and IMC demanded and obtained from Batehill, the parent company of BEHR, an agreement to indemnify them for any potential liability stemming from the marketing problems of which they had become aware. At the same time, Reliance and IMC were negotiating with plaintiff with respect to the sale of the notes and the issuance of the surety bond. On July 31, 1985, Arboleda One executed a master promissory note in favor of IMC and assigned the individual notes to IMC. IMC funded the loan to Arboleda One and endorsed the notes to the Bank without recourse. IMC also sold the master note to the Bank and assigned to the Bank IMC's

1. The complaint, at paragraph 14, states that these actions occurred in July, 1987. The Court assumes that the complaint should read 1985, since the complaint was filed in May, 1987, and since the other relevant events allegedly took place in 1985. The Court grants plaintiff leave to file an amended complaint for the purpose of correcting the dates, within 10 days from the date of this opinion.

rights under a pledge agreement associated with the individual notes. Reliance issued a surety bond in favor of the limited partners. The Bank alleges that prior to the closing, it had no dealings with Arboleda One or any of the limited partners, was not on notice of any defenses, and based its credit decision on the creditworthiness of Reliance. All of the limited partners defaulted on their payments due under the notes, and the Bank made a demand on Reliance for payment, which Reliance has not honored.

## DISCUSSION

The Magistrate recommended that the third-party complaint be dismissed for either of two alternate reasons: (1) the third-party complaint does not state a claim for contribution under the securities laws since third-party plaintiff, Reliance, and third-party defendants, Batehill and BEHR, are not "joint tortfeasors"; and (2) Reliance does not have standing to sue under the federal securities laws since it is neither a purchaser nor seller of securities. Third-party plaintiff has objected to both of the Magistrate's conclusions.[2]

■ Third-party plaintiff acknowledges that a third-party action for contribution under the federal securities laws may be brought only if the third-party defendants are joint tortfeasors. The disputed legal issue concerns the definition of joint tortfeasor, specifically whether the third-party defendant must be a joint participant in the securities fraud alleged by plaintiff, or whether the third-party defendant may simply be a concurrent, though independent, cause of injury. Naturally, Reliance urges the latter view, and Batehill and BEHR the former.

After considering the arguments of counsel, and the cases cited, the Court concludes that the rule in this District is the more restrictive one advocated by third-party defendants and recommended by the Magistrate. The Second Circuit has not ruled on this question. *Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 n. 1 (2d Cir.1984).[3] The parameters of an action for contribution in an action for securities fraud is a question of federal law. *Jordan v. Madison Leasing Co.*, 596 F.Supp. 707, 711 (S.D.N.Y.1984) (citation omitted); *see also Heizer Corp v. Ross*, 601 F.2d 330, 331 (7th Cir.1979). In a recent case decided in the Southern District of Ohio, that court noted that the weight of authority sides with the joint participant theory advocated by third-party defendants. *Alexander Grant & Co. v. McAlister*, 669 F.Supp. 163, 166 (S.D.Ohio 1987). As noted by the *Alexander Grant* court, two decisions from the Southern District of New York have squarely decided that the joint tortfeasor requirement demands that a third-party defendant be a joint participant in the fraud alleged by plaintiff. *Greene v. Emersons, Ltd., supra,* 102 F.R.D. at 36; *Stratton Group. Ltd. v. Sprayregan*, 466 F.Supp. 1180, 1185 (S.D.N.Y.1979). Courts in other districts have held otherwise. *Adalman v. Baker, Watts & Co.*, 599 F.Supp. 752, 755 (D.Md.1984); *Marrero v. Abraham*, 473 F.Supp. 1271 (E.D.La.1979). These authorities have not been adopted in this District. *Greene, supra,* 102 F.R.D. at 36.

■ In the present case, Reliance argues that Batehill and BEHR are liable for contribution—if Reliance is found liable on the allegations in the complaint—since plaintiff seeks to hold Reliance liable for the acts and omissions of the third-party defendants in marketing the limited partnership units. Plaintiff cites *Prudential Ins. Co. of America v. BMC Industries*, 113 F.R.D. 100 (S.D.N.Y.1986) in support. Without directly discussing the issues presently before the Court, the *Prudential* Court al-

---

**2.** Though not so denominated in the third-party complaint, Reliance stated in its Memorandum of Law submitted to the Magistrate that it seeks contribution only on the securities law claim. Reliance has confined its arguments to the points raised by the Magistrate, and the Court will do likewise.

**3.** As will be explained below, the lower court in the *Leventhal* case held in the alternative that an action for contribution requires that the joint tortfeasors be joint participants. *Greene v. Emersons, Ltd,* 102 F.R.D. 33, 36 (S.D.N.Y.1983), *aff'd on different grounds sub nom. Leventhal, supra.*

lowed a third-party action on the theory that the third-party defendant committed the fraud on plaintiff as defendant's agent. 113 F.R.D. at 102. This case is inapposite for a number of reasons. First, plaintiff sought only rescission of the notes while defendant sought damages from third-party defendant. Second, and more importantly, the third-party defendant allegedly perpetrated fraud on plaintiff as defendant's agent by contacting plaintiff, providing a private placement memorandum and conducting negotiations for the sale of the notes for which plaintiff sought rescission against defendant. Third-party plaintiff and third-party defendants were thus joint participants.

■ Reliance also argues that contribution is appropriate because Reliance's liability to plaintiff, if any, is predicated on BEHR's security law violations in marketing the limited partnership units. In support, Reliance quotes this Court's statement that a "finding that the parties are joint tortfeasors is based on common liability to injured party and not necessarily on the same tort." *Jordan, supra,* 596 F.Supp. at 711. The very next sentence in that opinion, however, belies Reliance's argument: "Thus, if it is determined that the third-party defendants are liable to the plaintiffs based on a theory of *fraud,* then third-party defendants would be joint tort feasors against whom a right of contribution would exist." *Id.* (emphasis added). The *Greene* Court expressed this view, though in narrower terms:

> Contribution is an equitable remedy. It achieves a fair distribution of fault among parties involved in a wrong. But one must ask: what is the wrong? The answer in federal securities law cases is: fraud.... As Judge Duffy correctly held in *Stratton Group, [supra,* 466 F.Supp. at 1185,]* contribution lies only between knowing participants in the same fraud.

102 F.R.D. at 36. Thus, whether or not a third-party defendant must have committed the same alleged tort as the defendant/third-party plaintiff, both *Jordan* and *Greene* require that the third-party defend-

ant commit fraud on the plaintiff. In the present case, neither plaintiff nor third-party plaintiff has alleged that Batehill or BEHR perpetrated any fraud on plaintiff, nor breached any duty owing to plaintiff. It is also not clear that BEHR or Batehill would be liable to plaintiff for any security violations they committed, and thus even on the broader "common liability" theory advocated by Reliance, an action for contribution would not lie.

Plaintiff seeks to hold defendants, Reliance and IMC, liable under the securities laws for allegedly misrepresenting certain material facts and for omitting others as to the existence or non-existence of defenses to the notes. Third-party defendants are not alleged to have made any such representations or omissions; the complaint does not indicate any contact between plaintiff and third-party-defendants. While it is true that plaintiff would not have a claim against defendants if third-party defendants would have performed properly, third-party defendant's alleged wrongs are distinct, independent and antecedent to those allegedly committed by defendants. Under the applicable law, Reliance does not state a claim for contribution under the federal securities laws and third-party defendants' motion to dismiss is granted and the third-party complaint is dismissed.

■ In the alternative, the Magistrate concluded that Reliance does not have standing to sue under the securities laws because Reliance is not alleged to have purchased or sold any securities. As a general rule, only those plaintiffs who have actually purchased or sold securities have standing to sue under section 10(b). *Baum v. Phillips Appel & Walden, Inc.,* 648 F.Supp. 1518, 1525 (S.D.N.Y.1986) (citing *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975)). Reliance argues that a defendant/third-party plaintiff in a securities fraud case may seek contribution from a third-party defendant even though the third-party plaintiff was not a purchaser or seller of securities. In support, plaintiff cites *Tucker v. Arthur Andersen & Co.,* 646 F.2d 721 (2d Cir.1981); *First Federal*

*Savings & Loan Ass'n v. Oppenheim, Appel, Dixon & Co.,* 634 F.Supp. 1341 (S.D.N.Y.1986); and *Alexander & Baldwin, Inc. v. Peat, Marwick, Mitchell & Co.,* 385 F.Supp. 230 (S.D.N.Y.1974).

This Court upheld the purchaser/seller requirement in a third-party action. *Stratton Group, supra,* 466 F.Supp. at 1188. Reliance's argument that this decision should be discounted because it has not been relied upon subsequently is not convincing. Reliance has not provided contrary decisions, but simply argues that the rule has eroded by implication. None of the three cases cited by Reliance discusses the purchaser/seller rule. Assuming for the moment that none of the third-party plaintiffs in those cases were actual sellers or purchasers of securities, the decisions nonetheless do not stand for the proposition Reliance advances. *Tucker, supra,* 646 F.2d at 727 & n. 7 (third-party contribution claim available against joint tortfeasor who breached duty to plaintiff); *First Federal, supra,* 634 F.Supp. at 1351–52 (defendant may implead aider and abettor); *Alexander & Baldwin, supra,* 385 F.Supp. at 238 (defendant may implead other tortfeasors involved in the fraud against plaintiff).[4] Therefore, dismissal is warranted.

Reliance has requested leave to replead. While the Court freely grants such requests when repleading can conceivably remedy the defects, the Court concludes that leave to replead is not warranted under the facts of this case. *See Albany Ins. Co. v. Esses,* 831 F.2d 41, 45 (2d Cir.1987) (citations omitted) (leave to replead should not be granted if such effort would be futile). The request is denied.

## CONCLUSION

For the reasons stated above, third-party defendants' motion to dismiss pursuant to Rule 12(b)(6) is granted. The Court does not reach the issues raised pursuant to Rule 9(b). The third-party complaint is or-

dered dismissed. Leave to replead is denied.

SO ORDERED.

---

**4.** The *Tucker* decision undermines Reliance's joint tortfeasor argument by stating that contribution is available when the third-party defendant, along with third-party plaintiff, has allegedly breached a duty to plaintiff. 646 F.2d at 727 n. 7 ("We agree . . . that under the securities laws, a person who has defrauded the plaintiff in violation of those laws may be liable for contribution to another person who has similarly defrauded the plaintiff." (citations omitted)).