**DEPARTMENT OF ECONOMIC DEVELOPMENT, Plaintiff,**

v.

**ARTHUR ANDERSEN & CO. (U.S.A.), Arthur Andersen & Co. (Republic of Ireland), and Arthur Andersen & Co. (United Kingdom), Defendants–Third–Party Plaintiffs,**

v.

**Alex H. FETHERSTON, C. Shaun Harte, Ronald J. Henderson, Anthony S. Hopkins, and James Sim, Third–Party Defendants.**

No. 85 Civ. 1292(CES).

United States District Court, S.D. New York.

May 1, 1990.

See also 683 F.Supp. 1463 and —— F.Supp. ——.

---

Pollution Exclusion and the Notice Requirement, this Court need not reach that issue.

Mudge, Rose, Guthrie, Alexander & Ferdon by Malcolm R. Schade, Robert Sidorsky, New York City, for plaintiff.

Breed, Abbott and Morgan by James D. Zirin, James J. Sabella, Adrian V. White, Alan J. Sorkowitz, New York City, for defendants-third-party plaintiffs.

Schoeman, Marsh, Updike & Welt by David S. Pennock, New York City, for third-party defendants.

## MEMORANDUM DECISION

### STEWART, District Judge:

By Memorandum Decision dated January 8, 1990 ("January 8th Decision"), this court dismissed the second, third, fourth and fifth causes of action alleged in defendants/third-party plaintiffs' Arthur Andersen & Co. (USA), Arthur Andersen & Co. (Republic of Ireland) and Arthur Andersen & Co. (United Kingdom) (hereinafter collectively "AA") amended third-party complaint. In addition, we dismissed claims for indemnity in the first cause of action for violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(a), (b) and (c), the federal securities laws and common law fraud, as well as claims for contribution as to RICO and the federal securities laws. Finally, we dismissed third-party defendant Ronald J. Henderson from the action for lack of personal jurisdiction.

AA now moves pursuant to Rules 15(a) and 54(b) of the Federal Rules of Civil Procedure, and Rule 3(j) of the Civil Rules for the United States District Court for the Southern District of New York ("Local Rule 3(j)") for the following relief: (1) leave to replead in a second amended complaint their claim for contribution under the federal securities laws; (2) leave to replead their cause of action alleging that the third-party defendants aided and abetted one or more violations of RICO; (3) entry of final judgment as to the second and fifth causes of action (the RICO and negligence causes of action), all causes of action against third-party defendant Ronald J. Henderson, and that portion of their first cause of action seeking contribution under RICO; and, if leave to replead is denied, that portion of

the first cause of action seeking contribution under the federal securities laws.

The factual background to this action has been recited in previous decisions and will not be reiterated. Familiarity with the relevant background is assumed.[1]

## DISCUSSION

We begin with a brief review of the principles relevant to AA's motion to replead. The Supreme Court has stated with regard to Rule 15(a):

> In the absence of any apparent or declared reason—such
>
> as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

The Second Circuit has stated that a district court may deny leave to replead when the proposed amendments would be futile. *See Albany Insurance Company v. Esses*, 831 F.2d 41, 45 (2d Cir.1987), *overruled on other grounds, United States v. Indelicato*, 865 F.2d 1370 (2d Cir.1989). However, complaints dismissed for failure to plead fraud with requisite particularity pursuant to Fed.R.Civ.P. 9(b) are generally dismissed with leave to amend, particularly if the plaintiff had no opportunity to plead fraud with greater specificity. *See Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir.1986).

### *Aiding and Abetting RICO*

In our January 8th Decision we dismissed AA's second cause of action alleging aiding and abetting of RICO on two grounds: (1) that the third-party plaintiffs had no standing to bring their aiding and abetting RICO claim; and, (2) that the third-party complaint failed to allege sufficient facts as to how each defendant aided or abetted the predicate acts alleged to

---

1. Since this action has been the subject of previous decisions we also will use the shortened references for parties and entities as used in the January 8th Decision.

have been committed by DeLorean. January 8th Decision at 40–41.[2] Although AA makes no express request for leave to replead the aiding and abetting RICO claim, it apparently seeks leave to amend the first amended complaint on the basis that we based our dismissal on a "curable pleading deficiency." Memorandum in Support of Third–Party Plaintiffs' Motion, etc. ("AA Brief") at 11. However, the second cause of action was not only dismissed for pleading deficiencies, but on substantive grounds as well—AA's lack of standing to assert the aiding and abetting RICO claim.[3] Therefore, since amendment would be futile, we deny leave to amend the complaint to replead the aiding and abetting RICO cause of action.

*Contribution under federal securities laws*

■ In our January 8th Decision we also dismissed AA's claim for contribution as to violations of the federal securities laws alleged in the main complaint. January 8th Decision at 16–22. The right of contribution for violations of the federal securities laws exists among "joint tortfeasors." *See Greene v. Emersons, Ltd.,* 102 F.R.D. 33, 36 (S.D.N.Y.1983), *aff'd sub nom. Kenneth Leventhal & Co. v. Joyner Wholesale Co.,* 736 F.2d 29 (2d Cir.1984). There are varying definitions of "joint tortfeasor" articulated by various lower courts in this context. The majority view, at least among the district courts in this circuit, appears to be that contribution among "joint tortfeasors" under the federal securities laws is limited to joint participants in the fraud alleged by plaintiff. *Cf. Connecticut National Bank v. Reliance Insurance Co.,* 704 F.Supp. 506, 509 (S.D.N.Y.1989). Other courts have held that contribution among "joint tortfeasors" under the federal securities laws is available among independent, concurrent tortfeasors. *See, e.g., Marrero v. Abraham,* 473 F.Supp. 1271, 1277–78 (E.D.La.1979). However, both approaches to contribution under the securities laws require that any injury alleged to have been suffered by the plaintiff in the main action for which contribution was sought, also must have been caused by alleged violations of the securities laws by the third-party defendants.

In the January 8th Decision it was our view that AA's claim for contribution under the securities laws was based on its allegations that the third-party defendants defrauded AA and not based on allegations that the third-party defendants violated the securities laws causing injury to the plaintiffs in the main action. Accordingly, we held that AA's contribution claim failed under either approach. January 8th Decision at 20. In addition, we noted that AA's allegations did not meet the pleading standards of securities fraud imposed under Fed.R.Civ.P. 9(b). *Id.* at 22 n. 9.[4]

AA's proposed second amended complaint contains express allegations that the third-party defendants violated the securities laws by their participation in and approval of the publication of various DMC and DMCL financial statements, identified in the proposed second amended complaint. It is alleged by AA that these financial statements did not disclose the alleged DeLorean fraud and were relied upon by plaintiff to make investment decisions regarding securities of DMC and/or DMCL.

**2.** In our January 8th Decision we stated that, "we conclude that the third-party defendants have no standing to bring their second claim for relief...." January 8th Decision at 40. Obviously, we meant the third-party *plaintiffs.* We hereby take this opportunity to correct that mistake.

**3.** AA appears to recognize that the RICO claim was dismissed on more than pleading grounds since it requests in a footnote for leave to replead the RICO claim "to cure any possible pleading defects before appellate review." AA Brief at 2, n. 1. However, rather than engage in a potentially moot discussion of whether the proposed second amended complaint cures the RICO pleading deficiencies of the first amended complaint, we believe it best to wait for the Second Circuit to inform us of any appropriate action to take with respect to AA's RICO claim.

**4.** Our January 8th Decision dismissed AA's common law fraud claims on grounds that they were time-barred and that they failed to meet Rule 9(b)'s requirements for fraud.

Thus, the proposed second amended complaint now directly alleges that plaintiffs were injured by alleged securities laws violations committed by third-party defendants.

■ We agree with the third-party plaintiffs that with respect to contribution under the federal securities laws our January 8th Decision differed from the majority view of the district courts in this circuit. The majority of district courts in this circuit hold that contribution under the securities laws is available only when there is joint participation in the same fraud. *See Connecticut National Bank*, 704 F.Supp. at 509. In our January 8th Decision we held that contribution among parties could be had without participation in the same securities fraud if the third-party defendants separately committed a securities fraud which contributed to the same injury to plaintiff as the defendant's securities fraud. This approach, we opined, addressed the policy concern that contribution under the securities laws should be limited to those engaged in the kind of fraud that the securities laws contemplate. In addition, it was our view that this approach also allowed a fair allocation of damages among wrongdoers. We see no reason to depart from that view.

■ AA alleges that the NIDA Directors knew but failed to disclose in certain financial statements, now enumerated in the proposed second amended complaint, that the GPD transaction was a fraud. *See Third–Party Plaintiffs' Reply Memorandum In Support of Motion for Leave to Amend the Third–Party Complaint and for Other Relief* ("AA Reply Brief"), at 5. It is their contention that all Rule 9(b) requires is a general averment that the third-party defendant "knew" of the alleged misrepresentations. AA Reply Brief at 5–6. It is AA's position that the financial statements upon which plaintiff relied and which also may expose AA to securities fraud liability, were originally issued by the third-party defendants in their capacities as directors. Therefore, according to AA, both AA and the NIDA Directors are alleged to have failed to disclose to plaintiff the misleading nature of the same financial statements. AA Reply Brief at 12.

In response, the third-party defendants reiterate their position that contribution under the securities laws only may be had among participants in the same securities fraud and that the proposed second amended complaint still fails to adequately allege fraud as required by Rule 9(b). *See Zerman v. Ball*, 735 F.2d 15, 22 (2d Cir.1984) (Rule 9(b) applicable to allegations of securities fraud). Since we have already disagreed with the third-party defendants' former argument we will address whether the second amended complaint adequately alleges a securities fraud violation on the part of the third-party defendants.[5]

The third-party defendants object to the securities fraud contribution claim in the proposed second amended complaint on the grounds that "specific acts from which an intent to deceive, manipulate, or defraud may reasonably be inferred with respect to each defendant" are not averred. Third–Party Defendants' Memorandum in Opposition to Third–Party Plaintiffs' Motion etc. ("Brief in Opposition") at 5. The Second Circuit has held that the scienter pleading requirement of Rule 9(b) is satisfied when the complaint alleges that the defendant "had or had access" to withheld information and also alleges the factual basis attributing that knowledge. *Goldman v. Belden*, 754 F.2d 1059, 1070 (2d Cir.1985). The proposed second amended complaint alleges that the NIDA Directors had or had access to information which was undisclosed in the financial statements relied

---

5. The essential elements of a claim for damages under § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b–5, 17 C.F.R. 240.10b–5 are:

(1) damage to plaintiff, (2) caused by reliance on defendant's misrepresentations or omissions of material facts, or on a scheme by defendant to defraud, (3) made with an intent to deceive, manipulate or defraud (scienter), (4) in connection with the purchase or sale of securities and (5) furthered by defendant's use of the mails or any facility of a national securities exchange.

*Bochicchio v. Smith Barney, Harris, Upham & Co.*, 647 F.Supp. 1426, 1429 (S.D.N.Y.1986).

upon by plaintiffs to make investment decisions regarding the March 12th Amendment, and it alleges the factual basis of that knowledge as the third-party defendants' capacity as directors of DMCL and/or DMC.[6] *Cf. Barotz v. Monarch General, Inc.,* 19 Fed.R.Serv. 2d 1259 (S.D.N.Y.1975) (it is presumed directors acted as a group in approving reports and Rule 9(b) does not require plaintiff to particularize roles of individual board members in approving reports); *Bruce v. Martin,* 691 F.Supp. 716, 722 (S.D.N.Y.1988) (when individual defendants are sued on basis of collective product, specific allegations as to each are unnecessary). Moreover, the proposed second amended complaint now particularizes the specific documents in which alleged misrepresentations made by the third-party defendants to the plaintiffs in the main action were made. *Cf. Somerville v. Major Exploration, Inc.,* 576 F.Supp. 902, 911 (S.D.N.Y.1983) (identification of specific documents in which alleged misrepresentations were made sufficient under Rule 9(b)). Accordingly, we are unpersuaded by the third-party defendants that the proposed second amended pleading fails to adequately allege scienter and conform to the requirements of Rule 9(b). *Cf. Bruce,* 691 F.Supp. at 723 (plaintiffs under Rule 9(b) only have burden of pleading circumstances that provide a "minimal factual basis for their conclusory allegations of scienter.") (citing *Connecticut National Bank v. Fluor Corp.,* 808 F.2d 957, 962 (2d Cir.1987)). Therefore, we grant the third-party plaintiffs' motion to amend their pleading as to the first cause of action alleging a contribution claim under the federal securities laws.[7]

### *Rule 54(b) Certification* [8]

 In *Cullen v. Margiotta,* 811 F.2d 698 (2d Cir.1987), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987), the Second Circuit articulated principles guiding consideration of Rule 54(b) certification. Respect for the policy against piecemeal appeals requires that a court's power to enter final judgment before the conclusion of the entire case "be exercised sparingly." *Cullen,* 811 F.2d at 710. The Second Circuit concluded that while "[t]here are few guidelines as to when entry of the partial judgment should be ordered ... [there are] several clearcut strictures as to when it should be eschewed."

---

**6.** It is inappropriate to rule at this juncture on the factual dispute between the parties as to whether the third-party defendants were "insiders" as third-party plaintiffs contend or "outside directors" as argued by the third-party defendants. For purposes of a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. *See Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985).

In this context, the third-party defendants accurately point out that by incorporating the complaint in the main action in the proposed second amended complaint, the third-party plaintiffs allege that DeLorean concealed the fraud from the NIDA Directors. The third-party defendants argue that this allegation negates any inference of scienter. However, the fact that DeLorean may have concealed his fraud does not necessarily mean that the third-party defendants could have no knowledge of it. On a motion to dismiss, a district court should grant the motion only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

**7.** We continue to hold, however, that since AA's liability for any securities law violation is grounded on circumstances involving the March 12th Amendment, third-party defendant Sim, who was not a NIDA Director until after the March 12th Amendment, could have had no connection with plaintiff's decision to enter into the March 12th Amendment. Therefore, Sim cannot be held liable for any securities laws violations.

**8.** Fed.R.Civ.P. 54(b) provides in relevant part:

When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

*Id.* Those situations when Rule 54(b) certification is inappropriate are:

1. In a multiple party situation where the complaint is dismissed as to one defendant but not to others if the same or closely related issues remain to be litigated against the undismissed defendants;

2. In a case involving multiple claims when the dismissed claims are not "separable" from the claims that survive;[9]

3. Even when there is separability of claims, in a case where there is no danger of hardship or injustice through delay. *Id.* at 711.

▮ Guided by these principles, we conclude that Rule 54(b) certification is clearly precluded as to our dismissal of Ronald J. Henderson since the same issues remain to be litigated against undismissed third-party defendants. Similarly, Rule 54(b) certification is precluded as to the RICO contribution claim since there is no separability of claims. Indeed, the contribution claim is completely dependent upon the adjudication of AA's liability in the main action.

▮ Finally, since the dismissed RICO and negligence causes of action, like the surviving causes of action, entirely depend upon proof of the third-party plaintiffs' contention that the NIDA Directors had knowledge of the DeLorean fraud and failed to disclose it, we believe that those claims are not separable from the remaining claims. If at trial the third-party defendants were found to have had no knowledge of the DeLorean fraud this would have great impact on the dismissed second and fifth third-party claims. Therefore, although the elements of the dismissed claims are different from the remaining contribution claims in the third-party complaint, the "core of operative facts" surrounding all the claims is essentially the same. *See Oyster v. Johns–Manville Corp.,* 568 F.Supp. 83, 86 (E.D.Pa.1983)

(same core of operative facts makes degree of consanguinity between dismissed and remaining claims so close so as to compel conclusion that plaintiff presented only "one claim" for Rule 54(b) purposes); *cf. Indiana H. B. R. Co. v. American Cyanamid Co.,* 860 F.2d 1441, 1444 (7th Cir. 1988) (Seventh Circuit rule for single claim determination for Rule 54(b) purposes is whether there is "significant factual overlap" between distinct claims); *Bruce v. Martin,* 702 F.Supp. 66, 69 (S.D.N.Y.1988) (Rule 54(b) not applicable when claims are "closely related" and are based on same facts and transactions).

Moreover, even if we assume that the RICO and negligence third-party claims are separable from the surviving third-party claims or the claims in the main action, there is no showing by AA that it will suffer any particular hardship or injustice should Rule 54(b) certification be denied. Indeed, since these dismissed third-party claims revolve around the same basic factual allegations as the surviving ones, immediate appeal of the second and fifth causes of action would not "eliminate much unnecessary evidence, confine the issues, shorten the trial, save much expense to the litigants in connection with the preparation for trial and contribute considerably to expediting the work of the [trial] court." *Campbell v. Westmoreland Farm, Inc.,* 403 F.2d 939, 942 (2d Cir.1968) (quoting *Combined Bronx Amusements, Inc. v. Warner Bros. Pictures, Inc.,* 132 F.Supp. 921, 922 (S.D.N.Y.1955)). For these reasons we deny AA's motion for entry of final judgment pursuant to Fed.R.Civ.P. 54(b) as to certain claims dismissed by our January 8th Decision.[10]

## CONCLUSION

For the reasons articulated above we grant the motion for leave to amend the complaint to replead the claim for contribution under the federal securities laws by

---

**9.** Claims are "separable" when they involve at least some different questions of fact and law and could be separately enforced, or if different sorts of relief are sought. *See Cullen,* 811 F.2d at 711.

**10.** Having presented no matters or controlling decisions which AA believes this court overlooked in the January 8th Decision, we deny AA's request for reargument pursuant to Local Rule 3(j).

defendants/third-party plaintiffs Arthur Andersen & Co. (USA), Arthur Andersen & Co. (Republic of Ireland), and Arthur Andersen & Co. (United Kingdom). We deny defendants/third-party plaintiffs' motion for leave to replead the aiding and abetting RICO claim. We also deny defendants/third-party plaintiffs' motion pursuant to Fed.R.Civ.P. 54(b) for entry of final judgment as to the dismissal of the following: (a) all claims for relief against third-party defendant Ronald J. Henderson; (b) the contribution claim of the First Cause of Action insofar as it relates to RICO; (c) the Second Claim for Relief (aiding and abetting RICO); and, (d) the Fifth Claim for Relief (common law negligence).

SO ORDERED.